**Julian D. ARD and Angela B. Ard, Plaintiffs,**

v.

**STATE STOVE MANUFACTURERS, INC., Defendant.**

**Civ. A. No. 66–655.**

United States District Court
D. South Carolina,
Charleston Division.

Feb. 2, 1967.

Moore, Mouzon & McGee, Charleston, S. C., for plaintiff.

Grimball & Cabaniss, Charleston, S. C., for defendant.

## ORDER

SIMONS, District Judge.

Defendant State Stove & Manufacturing Company, Inc., [named in the complaint as State Stove Manufacturers, Inc.] appears specially to move to quash the service of process upon it, and to dismiss the action for lack of jurisdiction upon ground that service of process upon it is insufficient. Plaintiffs also move to strike the second defense set up in the answer [1] on grounds that the said defense fails to state a valid defense to plaintiffs' cause of action, and the matters alleged therein are irrelevant, immaterial and redundant.

■■ Plaintiffs herein have served their summons and complaint in this action by having the Marshal serve the Secretary of State of South Carolina, pursuant to Section 10–424 [2] and Section

1. The answer was filed with defendant reserving all rights under its motion challenging the jurisdiction of the court.

2. § 10–424 provides in part: "If the suit be against a foreign corporation other than a foreign insurance company the summons and any other legal paper may be served by delivering a copy to any officer, agent or employee of the corporation found at the place within this State designated by the stipulation or declaration filed by the corporation pursuant to § 12–721. But if such foreign corporation transacts business in this State without complying with that section such service may be made by leaving a copy of the paper with a fee of one dollar in the hands of the Secretary of State or in his office, and such service shall be deemed sufficient service and shall have like force and effect in all respects as service upon citizens of this State found within its limits if notice of such service and a copy of the paper served are forthwith sent by registered mail by the plaintiff to the defendant foreign corporation and the defendant's return receipt and the plaintiff's affidavit of compliance therewith are filed in the cause and submitted to the court from which such process or other paper issued."

12–23.14 [3] of the Code of Laws for South Carolina, 1962, as amended. Such substituted service is provided for under Rule 4(d) (7) of the Federal Rules of Civil Procedure. The sole question before the court for purposes of the motion to quash the service of process is whether defendant is now, or, at the time of the alleged wrongs upon which plaintiffs' claim for relief is based, was "doing business" in South Carolina, so as to validate the substituted service of process made pursuant to State statutory provisions. The attempted service is valid if it is determined that defendant had the requisite "minimum contacts" with the State of South Carolina. International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). There is no set formula by which "minimum contacts" may be weighed. Each case must be considered and judged on its own particular facts, and the material factor is the quality and nature of the corporate activity, rather than the mere quantity. Shealy v. Challenger Mfg. Co., 304 F.2d 102 (4th Cir. 1962). In this diversity suit, the court is bound by South Carolina's interpretation of her service of process statutes.

Defendant is a corporation organized and doing business under the laws of the State of Tennessee with its principal offices in the State of Tennessee, and it does not maintain offices within the State of South Carolina. Defendant is engaged in the business of the manufacture, sale and distribution of household appliances, including hot water heaters. Plaintiffs are residents and citizens of the State of South Carolina and the matter in controversy exceeds the sum of $10,000.00.

Defendant sells directly to approximately twenty-five concerns in South Carolina who sell to the general public. Although no employees are located in this State a manufacturer's representative located in Atlanta, Georgia calls on prospective customers here approximately every six weeks on behalf of the defendant. Defendant spends approximately $7,745.00 annually in advertising in national trade journals which are circulated in South Carolina.

Defendant grants a five-year warranty on each hot water tank it manufactures, and a one-year warranty on parts, with each sale of its appliances. Additionally, defendant allows a labor cost to the South Carolina dealers for service calls made due to defective materials or workmanship during the first year in which defendant's appliances are purchased.

Defendant delivers products to its South Carolina customers using its own trucks and employees, and it has shipped its appliances on its own trucks to the store from which plaintiffs herein purchased the allegedly defective appliance. In the year 1965, the defendant company grossed $405,335.00 from sales made to South Carolina customers.

The facts as shown by the record in this case before me at the present time are quite similar to those in Shealy v. Challenger Mfg. Co., supra. In that case, the Fourth Circuit Court of Appeals found that the defendant foreign corporation was present and doing busi-

---

3. § 12–23.14 provides in part: "(a) Every foreign corporation which is not authorized to do business in this State shall, by doing in this State, either itself or through an agent, any business, including any business for which authority need not be obtained as provided by § 12–23.1, be deemed to have designated the Secretary of State as its agent upon whom process against it may be served in any action or proceeding arising out of or in connection with the doing of any business in this State.

"(b) Service of such process shall be made by delivering to and leaving with the Secretary of State, or with any person designated by him to receive such service, duplicate copies of such process, notice, or demand. The Secretary of State shall thereupon immediately cause one of such copies to be forwarded by registered mail, addressed to the corporation, either at its registered office in the jurisdiction of its incorporation, its principal place of business in such jurisdiction, or at the last address of such foreign corporation known to the plaintiff, in that order."

ness within the State of South Carolina, and that it had the necessary "minimum contacts" required by due process of law. See also Thompson v. Ford Motor Co., 200 S.C. 393, 21 S.E.2d 34 (1942); Boney v. Trans-state Dredging Co., 237 S.C. 54, 115 S.E.2d 508 (1960); and Szantay v. Beech Aircraft, 237 F.Supp. 393 (D.C. S.C.1965), aff'd. 349 F.2d 60 (4th Cir. 1965).

In the very recent decision of Carolina Boat & Plastics Co. v. Glascoat Distribs., Inc., January 10, 1967, 152 S.E.2d 352, the South Carolina Supreme Court held that the jurisdictional test within the meaning of section 10–424 of the 1962 South Carolina Code is "only that the corporation have such contact with the state of the forum that the maintenance of the suit there of an action against it in personam shall not offend traditional notions of fair play and substantial justice." In that case the Court found the defendant sales company's contention that it had no office, resident agent, or property in the State was not enough to deny jurisdiction. In *Shealy* and in this case, the defendants both delivered products into the State in trucks driven by its employees. In *Carolina Boat*, orders were filled by shipment in interstate commerce or directly from the manufacturer, yet the court still upheld jurisdiction from the quality of the defendant's other corporate acts and the interest of the State in the character of the acts giving rise to the litigation.

■ This court has consistently held that those foreign corporations who would come within the protection and benefit of the laws of this State to transact business within its borders cannot be heard to disclaim the State when those to whom they sell their wares or who allegedly have been injured or damaged by some activity in this State would look to the courts of the State for a redress of their grievances. I have no hesitancy in finding that State Stove & Manufacturing Company, Inc., has the necessary minimum contacts with South Carolina for this court to exercise jurisdiction over the controversy involved here.

■ Having concluded that this court has jurisdiction over the subject matter, plaintiff's motion to strike defendant's second defense of its answer must be considered. The defense is as follows:

"That the Plaintiff did not purchase the hot water heater referred to in the Complaint from the Defendant, its agents and servants and that this Defendant does not manufacture or supply temperature or pressure release valves and that the hot water heater referred to in the Complaint was not imminently or inherently dangerous and that the Plaintiffs have no cause of action against the Defendant."

Plaintiffs contend that their complaint states a claim against defendant upon which relief can be granted on the theory of negligent manufacture of the accused hot water heater. Whether the complaint states a claim based on breach of implied or express warranty was not readily determined from this pleading. At the hearing on plaintiffs' motion, defendant admitted that if plaintiffs are not pursuing a cause of action based upon breach of an implied or express warranty, the second defense of its answer is improper and should be stricken. With consent of counsel for both parties, following the hearing on their motion, plaintiffs' counsel were given an extension of time in which to amend their complaint to allege a breach of implied or express warranty, if they so desired. If the complaint were to be so amended, then the second defense of the answer would be a proper defense.

Having been informed by counsel for plaintiffs that they will not seek to pursue a cause of action against defendant, based upon breach of implied or express warranty, but will rely entirely upon the theory of negligent manufacture of the hot water heater in question, the second defense set up in the answer is improper and should be stricken. It is, therefore,

Ordered that defendant's motion to quash service of process upon it and to dismiss the action for lack of jurisdic-

tion be, and it hereby is denied. It is further

Ordered that plaintiffs' motion to strike the second defense of defendant's answer be, and it hereby is, granted.

And it is so ordered.