**H. K. CORPORATION, Plaintiff,**

v.

**Harold P. LAUTER, Defendant.**

**Civ. A. No. 15095.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Oct. 14, 1971.

80

Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Atlanta, Ga., for plaintiff.

Van Gerpen & Bovis, Atlanta, Ga., Pendleton, Neuman, Williams & Anderson, Chicago, Ill., for defendant.

SIDNEY O. SMITH, Jr., Chief Judge.

In this trademark infringement and unfair competition case, defendant, an Illinois citizen, seeks to have the complaint against him dismissed on the ground that the court lacks personal jurisdiction over him and to have the return of service quashed on the ground that he has not been properly served with process.[1]

These are the facts: Plaintiff, a corporation with its principal place of business in Georgia, manufactures pants which have been and are nationally sold and advertised under the registered trademark "MALE". Subsequently to the marketing of plaintiff's pants, defendant began manufacturing in Illinois pants, under the brandname "U.S. MALE", which are also sold throughout the country, including Georgia. Defendant has never been a resident of Georgia, and he neither owns, uses nor possesses any property in this state. He has no business office in this state. Defendant does, however, sell his goods to retailers in Georgia; and from such sales to fifteen customers here, he has realized revenue of $19,000. Furthermore, defendant's salesman, who is paid on a commission basis and who may also sell non-competing goods of other manufacturers, does personally solicit orders in Georgia for defendant. While not constituting an agent in the classical sense, he is subject to minimal direction and control by defendant. Orders given to

1. Defendant's motion for oral argument is denied.

the salesman are accepted only in Illinois.

(1) In view of the facts, the court finds it is presented with this question: Where a nonresident manufacturer sells goods to several customers in Georgia and derives $19,000 in revenue from such sales and where that manufacturer has a salesman who solicits orders in Georgia, does a federal court sitting in Georgia have personal jurisdiction over the nonresident manufacturer in a suit against him for trademark infringement and unfair competition allegedly occurring in Georgia? The answer to this question depends both on state and federal laws. The threshold issue is whether under Georgia's "long arm" statute, Ga.Code § 24–113.1, the court has jurisdiction.[2]

■ Plaintiff contends that subsection (b) and/or (c) of the "long arm" statute would apply to these facts and give a court in Georgia personal jurisdiction. Without expressing any opinion as to the applicability of subsection (b), the court holds that it does have personal jurisdiction over defendant under subsection (c). This conclusion is arrived at, in part, through the use of an analogy. Although subsection (c) has not yet been construed by a state court, it seems clear from the express language of the subsection that the legislature intended for it to reach the tortfeasor in this hypothetical situation: (1) X builds a machine negligently in New Jersey; (2) X sells the machine to a Georgia retailer; (3) A buys machine and while using it in Georgia it explodes injuring A. The present case seems materially similar: (1) defendant manufactures pants in Illinois and affixes to them what for the sake of argument will be considered misleading labels; (2) defendant sells the pants to Georgia retailers who may be, but likely are not, misled by the labels; (3) misled by the label, a Georgia consumer buys a pair of pants made by defendant.

In each case, conduct in a state other than Georgia leads to an injury and a completed tort in Georgia. To repeat, the court concludes that subsection (c) covers such cases.

Of course for subsection (c) to apply as a matter of state law, it is necessary that the defendant "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this State [Georgia]." Ga.Code § 24–113.1 (c). Keeping in mind Georgia's legitimate interest in preventing Georgia consumers from being misled and in protecting Georgia manufacturers from unfair competition, the court believes that a state court would neither consider $19,000 an insubstantial sum nor treat the solicitations made by defendant's salesman to be outside of the subsection's scope.

■ (2) Having ruled that Georgia's "long arm" statute applies to defendant, the court reaches the federal question which is: Would application of the statute to defendant deprive him of that due process guaranteed by the United States Constitution?[3] In its examination of

---

2. The relevant parts of the long arm statute are these:

"A court of this State may exercise personal jurisdiction over any nonresident, . . ., as to a cause of action arising from any of the acts, omissions, ownership, use or possession enumerated in this section, in the same manner as if he were a resident of the State, if in person or through an agent, he:

(a) . . .

(b) Commits a tortious act or omission within this State, except as to a cause of action for defamation of character arising from the act; or

(c) Commits a tortious injury in this State caused by an act or omission outside this State, if the tortfeasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this State; or

(d) . . ."

3. Correctly, defendant does not contend that the statute is unconstitutional on its face, but questions only the constitutionality of its application to this case's facts.

82

this question, the court must be guided by the "minimum contacts" standard developed in International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945):

> [D]ue process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain *minimum contacts* with it such that the maintenance of the suit does not offend "traditional notions of *fairplay and sub-. stantial justice*." 326 U.S. at 316, 66 S.Ct. at 158 (emphasis added).

Applying this standard, it appears that the application of Georgia's "long arm" statute to defendant is not inconsistent with constitutional due process. *See* Scott v. Crescent Tool Co., 296 F. Supp. 147, 155 (N.D.Ga.1969) (Edenfield, J.); Hellriegel v. Sears Roebuck & Co., 157 F.Supp. 718, 721 (N.D.Ill.1957) (dictum).

This is not a case where the contract between the non-resident defendant and Georgia is only one or two isolated sales to Georgians in which a few dollars change hands. Defendant during a period of twelve months made sales to fifteen Georgia customers and derived from those sales $19,000. Furthermore, this is not an instance where the contact with Georgia is entirely unrelated to the tort for which defendant is being sued. In a case such as this, it seems neither unfair nor unjust to hold that a businessman defendant who has been gaining substantial revenue from sales to Georgians may be sued in a Georgia court in an action arising almost directly from those sales. Defendant's motion to dismiss must be denied.

■ Because he was subject to the jurisdiction of Georgia courts, service of process on defendant was valid. Ga. Code § 24–115. Defendant's motion to quash return of service is, therefore, denied.

It is so ordered.