**VOORLAS MANUFACTURING CO., INC., Plaintiff,**

v.

**MARS SIGNAL LIGHT CO., INC., Defendant.**

**No. 79–C–692.**

United States District Court, E. D. Wisconsin.

Dec. 17, 1979.

Kohner, Mann & Kailas by Jordon B. Reich, James D. Rudd, Milwaukee, Wis., for plaintiff.

Davis, Kuelthau, Vergeront, Stover & Leichtfuss by David E. Leichtfuss, Peter J. Ruud, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant has moved to dismiss for lack of personal jurisdiction or, in the alternative, to transfer venue of this case to the southern district of Florida. The motion will be denied.

### I. PERSONAL JURISDICTION

The defendant's motion for lack of personal jurisdiction is primarily based on the recently decided case of *Lakeside Bridge & Steel Co. v. Mountain State Construction Co.*, 597 F.2d 596 (7th Cir. 1979). In *Lakeside*, a Wisconsin corporation sued a West Virginia corporation for contract damages. The defendant had no contact with Wisconsin except for the fact it had contracted with the plaintiff which manufactured the goods that the defendant ordered in Wisconsin. *Id.* at 597–98. The court of appeals held that the defendant's single contact with Wisconsin was insufficient to give Wisconsin courts personal jurisdiction over it. *Id.* at 603–04. *See also Wisconsin Electrical Manufacturing Co. v. Pennant Products, Inc.*, 472 F.Supp. 855 (E.D.Wis.1979).

The instant case, however, is distinguishable from *Lakeside.* Unlike the defendant in *Lakeside*, the defendant at bar

has significant contacts with the state of Wisconsin apart from the contract from which this case arises. In 1977, the defendant had contracts with at least nine different Wisconsin corporations or governmental units. In 1978, the defendant had contracts with at least ten such entities, and in 1979 it had contracts with at least twelve Wisconsin parties. Moreover, the defendant's responses to the plaintiff's jurisdictional interrogatories indicate that the defendant's president and contract administrator solicited business in Wisconsin prior to 1977, and that in the years 1977–79 the company also solicited business in Wisconsin. The instant action for contractual damages arises out of one of the defendant's contracts with a Wisconsin corporation for motors manufactured in this state.

In view of the defendant's numerous contacts with this state, personal jurisdiction over it is provided by § 801.05(1)(d), Wis. Stats., which extends personal jurisdiction over defendants "engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise." Jurisdiction is also provided by § 801.05(5)(a) and (d) which extend jurisdiction over defendants in actions arising out of promises to pay for services to be performed in this state or relating to goods shipped from Wisconsin by the plaintiff on the defendant's order.

I am also persuaded that the extension of personal jurisdiction over the defendant does not violate the standards of "fair play" and "substantial justice" required by the Constitution. *International Shoe Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The record indicates that as a result of solicitation on its part, the defendant has entered into a significant number of contracts with Wisconsin corporations or governmental units, and that in connection with one of such contracts, the instant case has arisen. Other courts have found that contractual activity on a scale comparable to that involved in this case is sufficient to satisfy due process requirements for the purpose of personal jurisdiction. *See e. g., H. K. Corporation v.*

*Lauter*, 336 F.Supp. 79 (N.D.Ga.1971) (defendant had fifteen customers in forum state); *Mark v. Obear & Sons, Inc.*, 313 F.Supp. 373 (D.Mass.1970) ($5,000 annual revenue from forum state); *Ard v. State Stove Manufacturers, Inc.*, 263 F.Supp. 699 (D.S.C.1967) (approximately twenty-five customers in forum state).

Thus, insofar as the defendant has moved to dismiss for lack of personal jurisdiction, its motion will be denied.

## II. CHANGE OF VENUE

The defendant has moved in the alternative that venue of this case be transferred to the southern district of Florida. This motion is based on the fact that the defendant's officers and other of its anticipated witnesses are residents of Florida. Furthermore, the company's records and some of the goods which are the subject of this suit are also located in the southern district of Florida.

The plaintiff is a Wisconsin corporation located in Racine, Wisconsin. Presumably its officers and corporate records are located in this district.

28 U.S.C. § 1404(a) provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Under § 1404, the burden is on the movant to show that the balance as to convenience of parties and witnesses is in his favor. *General Portland Cement Co. v. Perry*, 204 F.2d 316 (7th Cir. 1953). In balancing the convenience of the parties and witnesses and the interest of justice, "the District Court should bear in mind that in filing an action the plaintiff is permitted to choose any proper forum and that the plaintiff's choice of forum should not be lightly set aside." *Chicago, Rock Island and Pacific Railroad Co. v. Igoe*, 220 F.2d 299, 302 (7th Cir.), cert. denied, 350 U.S. 822, 76 S.Ct. 49, 100 L.Ed. 735 (1955); *Butterick Co. v. Will*, 316 F.2d 111, 112 (7th Cir. 1963).

The defendant has demonstrated that it would be more convenient for it if this matter were tried in the southern district of Florida. By the same token, it will be more convenient for the plaintiff to try this case in the eastern district of Wisconsin. Since this is a contract action, it is likely that the case will involve the production of documents which could be brought relatively easily to either district. On the basis of the present record, the defendant has not demonstrated that the balance weighs so heavily in its favor that the plaintiff's choice of the forum should be set aside. Accordingly, insofar as the defendant has moved to transfer venue of this case, the motion will be denied.

Therefore, IT IS ORDERED that the defendant's motion to dismiss or, in the alternative, to transfer venue be and hereby is denied.