COMPUTER HORIZONS CORP.,
Plaintiff,

v.

Fred KNAUER and Knauer Computer
Consultants, Inc., Defendants.

No. 79 Civ. 5836.

United States District Court,
S. D. New York.

Feb. 4, 1980.

Philip D. Amins, New York City, for plaintiff.

Rosenbluth, Schulman & Rodney, New York City, for defendants; Leonard Rodney, New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

The defendants Fred Knauer and Knauer Computer Consultants, Inc., both residents of Alameda County within the Northern District of California, move to dismiss this action for lack of personal jurisdiction or, in the alternative, for transfer to the Northern District of California pursuant to 28 U.S.C. section 1404(a).

Plaintiff, a New York corporation, provides consulting services with respect to digital computer systems and related data processing equipment and operations of such systems at its customer locations. In addition to its New York headquarters, plaintiff maintains six regional offices, one of which is located at San Francisco. In October 1978 after extensive negotiations in New York City with Fred Knauer, it there entered into an agreement whereby Knauer was employed as its director-regional sales in charge of its San Francisco office. Before assuming his duties, he was given training in New York City.

Plaintiff commenced this action against the defendants upon allegations that Knauer unilaterally terminated the agreement and breached its provisions by engaging in a business directly in competition with plaintiff by the use of confidential customer lists and secret trade information, through Knauer Computer Consultants which he formed for that purpose, and further violated a restrictive covenant not to compete directly or indirectly with plaintiff for one year following the termination of his employment.

The contract with Fred Knauer having been negotiated, consummated and executed in this state, the Court has in personam jurisdiction over the individual defendant. *George Reiner & Co. v. Schwartz*, 41 N.Y.2d 648, 394 N.Y.S.2d 844, 363 N.E.2d 551 (1977); *American Eutectic Welding Alloys Sales Co. v. Dytron Alloys Corp.*, 439 F.2d 428 (2d Cir. 1971). While jurisdiction over the corporate defendant is not as clear since it was organized subsequent to the making of the agreement in question, for the purposes of this motion it will be assumed the allegation that it was used as a vehicle by Fred Knauer for inducing and furthering the breach of his contract and wrongfully trading upon Knauer's tortious acts, supports jurisdiction also as against the corporation.[1] Thus we reach the alternative motion to transfer pursuant to 28 U.S.C. section 1404(a).

Plaintiff, in opposing the transfer, stresses that its chief executive officers who negotiated the contract, who conferred with the plaintiff relative to his duties and obligations under the contract, and who trained him are all located within this district. But there is no issue as to the existence of the contract or that the individual defendant entered upon the performance of his duties. What is at issue is the claimed breach of the contract, the acts and conduct of the defendant with respect thereto and all the circumstances touching upon the alleged violation of the restrictive covenant (assuming its validity) and the defendant's alleged competition with the plaintiff following termination of his employment contrary to the terms of the agreement. It is beyond question that practically all witnesses, including plaintiff's own employees and officers, having knowledge of such matters are located in the San Francisco area, as are the customers who allegedly were improperly solicited by defendants. So, too, are all the books and records pertaining to those matters located there.

Applying the criteria set forth by this Court in *Schneider v. Sears*, 265 F.Supp. 257 (S.D.N.Y.1967), the balance weighs in favor of the transfer of the action to the Northern District of California and, accordingly, the motion is granted.

So ordered.

---

1. Upon the argument of this motion counsel for the defendants stated that in the event of a transfer the corporate defendant would not dispute jurisdiction over it.