**Sam RODD, Plaintiff,**

v.

**J. G. HOOK, INCORPORATED, Defendant.**

**No. 81 Civ. 6255 (KTD).**

United States District Court, S. D. New York.

Jan. 27, 1982.

Steven B. Haffner, Richard Paul Zipser & Associates, P. C., Southfield, Mich., for plaintiff.

Bressler, Lipsitz & Rothenberg, New York City, for defendant; Alan Plotkin, New York City, Fred D. Furman, Kleinbard, Bell & Brecker, Philadelphia, Pa., of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

Defendant, a Pennsylvania corporation licensed to do business in New York, moves pursuant to 28 U.S.C. 1404(a)[1] for an order transferring the instant case from its present venue in the Southern District of New York to the Eastern District of Pennsylvania. Plaintiff, a Michigan resident, objects to the proposed transfer.

The parties agree that the movant "has the burden of proof, and must make a convincing showing of the right to transfer." *American Standard, Inc. v. The Bendix Corp.*, 487 F.Supp. 254, 261 (W.D.Mo.1980); *Voorlas Manufacturing Co., Inc. v. Mars Signal Light Co., Inc.*, 481 F.Supp. 828, 830 (E.D.Wis.1979). The decision to transfer rests in this court's discretion. *Factors*

1. 28 U.S.C. § 1404(a) provides:
   For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

*Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir. 1978), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979).

The defendant presents persuasive facts in support of its motion.[2] J. G. Hook maintains its principal place of business in Philadelphia, Pennsylvania.[3] All documents pertaining to the alleged breach of contract by defendant are kept in its Pennsylvania office. Supplemental Affidavit of Max Weinstein, ¶ 3. Plaintiff correctly contends that in our modern era the location of voluminous documents is not a particularly salient factor in a Section 1404(a) motion, *American Standard, supra,* at 264; however, it is still a factor meriting this court's attention. *Id.* Mr. Rodd states that the vast majority of documents in this case will be produced by the plaintiff and are located in the State of Michigan. Memorandum of Plaintiff in Opposition to Defendant's Motion to Transfer, p.9. Thus, the burden on Mr. Rodd is no greater if this case is tried in New York or Pennsylvania. The burden on defendant, however, will be substantially increased if the case remains in the Southern District of New York.

In furtherance of its motion to transfer, the defendant has demonstrated that the present forum poses a significant inconvenience to its important witnesses. The defendant lists six witnesses familiar with all aspects of plaintiff's case and their expected testimony. Supplemental Affidavit of Max Weinstein, ¶ 5. All these witnesses reside in the Eastern District of Pennsylvania.

Plaintiff, on the other hand, intends to call in support of its case Jerry Rogovin, the Executive Vice President of the defendant corporation in charge of the defendant's New York office. Mr. Rogovin, plaintiff argues, is not only familiar with the agreement in issue but also is not subject to subpoena power in the Eastern District of Pennsylvania. Memorandum of Plaintiff in Opposition to Defendant's Motion to Trans-

fer, pp. 5–6. If in fact Mr. Rogovin is a key plaintiff witness, transfer is inappropriate. 15 Wright, Miller & Cooper, *Federal Practice and Procedure,* § 3851, l.c. 270–71 (1976).

Mr. Rogovin's sworn statement contradicts plaintiff's allegations. First of all, Jerry Rogovin was promoted four months ago to President of J. G. Hook and now spends at least three to five working days in defendant's Philadelphia office. Affidavit of Jerry Rogovin, ¶ 2. Secondly, Mr. Rogovin is not personally familiar with plaintiff's compensation payments. All his information on this subject will be gleaned from the company records which are located in Philadelphia. *Id.* Thirdly, Mr. Rogovin is subject to a subpoena issued from the Eastern District of Pennsylvania. Fed.R. Civ.P. 45.

In *Computer Horizons Corp. v. Knauer,* 483 F.Supp. 1272, 1273 (S.D.N.Y.1980), Judge Weinfeld ordered a Section 1404(a) transfer to the Northern District of California after finding:

> ... practically all witnesses, including plaintiff's own employees and officers, having knowledge of such matters are located in the San Francisco area, as are the customers who allegedly were improperly solicited by defendants. So, too, are all the books and records pertaining to those matters located there.

483 F.Supp. at 1272. In the instant case, all relevant witnesses and all documents are in the transferee forum.

The defendant has satisfactorily proven that the balance of convenience and the interests of justice warrant granting defendant's motion. *See Transcontinental Service Corp. v. True Temper Corp.,* 319 F.Supp. 920 (S.D.N.Y.1970). Accordingly, this case is transferred to the Eastern District of Pennsylvania.

SO ORDERED.

---

**2.** Defendant does not contest the propriety of venue in the Southern District of New York. This concession, however, does not preclude a motion requesting transfer of venue.

**3.** The Eastern District of Pennsylvania sits in Philadelphia.