**I-T-E CIRCUIT BREAKER COMPANY,**
a corporation, Petitioner,

v.

**Honorable William H. BECKER, United
States District Judge, Respondent.**

**No. 17971.**

United States Court of Appeals
Eighth Circuit.

March 29, 1965.

William H. Curtis, of Morrison, Hecker, Cozad & Morrison, Kansas City, Mo., made argument for petitioner and filed petition for writ of mandamus and prohibition with Martin J. Purcell and James C. Mordy, of Morrison, Hecker, Cozad & Morrison, Kansas City, Mo.

Dick H. Woods, of Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, Mo., made argument for intervenors. Spencer, Fane, Britt & Browne, Kansas City, Mo., and Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, Mo., filed brief in opposition of intervenors, Kansas City Power & Light Co., St. Joseph Light & Power Co. and Kansas Gas & Electric Co.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

## PER CURIAM.

A petition for a writ of mandamus against respondent as district judge has been filed, and the matter is before us on petitioner's application for an order to require respondent to show cause why the writ should not be granted.

The object of the writ sought is to have us direct respondent to vacate an order entered by him transferring two cases, in which petitioner is the defendant,[1] from the Western District of Missouri to the Northern District of Illinois, under 28 U.S.C.A. § 1404(a).

The two cases are part of the "avalanche" of private damage suits, aggregating 1910 in number and involving some 25,600 separate claims, which descended on the federal district courts following a Sherman Act conviction in February 1961, in the Eastern District of Pennsylvania, of manufacturers of electrical equipment for having conspired to fix prices and allocate business in twenty product lines of such equipment.

As of January 14, 1965, the volume of these pending suits had been reduced to 1138 cases involving 13,944 claims. This reduction has been effected primarily as the result of an organized program devised and directed by the Co-ordinating Committee for Multiple Litigation of United States District Courts, which was created by the Judicial Conference of the United States to deal with the extraordinary situation.

Beyond its structural aspects, one of the principal features of the program has been its progressive approach by product lines to the common problems of disposition, such as national discovery, in relation to each substantial category, and its attempt thus to get the cases in a category moved forward generally into dispositional position through likely patterning trial or other termination which might be arrived at by the parties. For a description of the program and its operation see Neal and Goldberg, The Electrical Antitrust Cases; Novel Judicial Administration, 50 A.B.A.J. 621–628 (July 1964 number).

The product line in the two cases here involved is power switchgear assemblies. Petitioner has 105 cases pending against it as to this product line, in 20 separate judicial districts, involving 226 claims. There also are cases pending against petitioner on products other than power switchgear assemblies. In addition, by virtue of its alleged participation in the general conspiracy, petitioner has been made a defendant in suits brought by other parties to recover damages as to products purchased from other manufacturers.

Petitioner admitted before the district court, as it had before the co-ordinating committee, and as it does here, that it has not formulated any program, and indeed that it is without even a suggestion of any plan, for effecting termination of the litigation thus pending against it, either by way of desire to engage in trials, of intention to attempt settlements, or of basis to seek dismissals. What it seemingly wants done is simply to have all of the suits against it left alone.

■ The first basis on which writ is sought is a charge that respondent's action of transfer was prompted by "petitioner's refusal to settle its electrical antitrust cases, both nationally and locally". The hearing before respondent on the question of transfer affords no color of basis for a charge that he was attempting to bludgeon petitioners into a position of settlement. Nor do the circumstances of the situation into which the cases were transferred lend any support even inferentially to this being the intended object or the necessary consequence of what was done. A group of cases on power switchgear assemblies were pending against petitioner in the Northern District of Illinois and had been set tentatively for trial by that court. Petitioner thus was being afforded the opportunity to go to trial on its cases,

---

1. Other parties had originally been joined as defendants with petitioner, but the actions now stand undisposed of only as to petitioner.

and this would be as much true in respect to those which respondent transferred as those which were already there.

■ But even if respondent had acted with expectation, desire, or motive that his action might be instrumental in forcing petitioner to determine upon some dispositional policy and course as to the cases against it, any such subjective factor would not be entitled to be made the basis for a show-cause order against respondent where his action otherwise came within an exercise of his power and discretion under the statute as to the circumstances of the situation involved.

It is contended, however, as a second basis for seeking a writ that respondent's action of transfer was beyond the scope of his statutory power in that the transfer was made, "in essence, upon the Court's own motion, and Section 1404(a) does not permit a transfer under such circumstances." No reported case has been found in which it has been specifically declared that subsection (a) authorizes a court to transfer a case to another district on its own motion. It can be argued that Swindell-Dressler Corporation v. Dumbauld, 308 F.2d 267 (3 C.A. 1962) contains an implied recognition of such authority, in that there the order so made by the district court was ordered vacated solely upon the ground that it had been entered without any notice or opportunity to the parties to be heard, and there is no suggestion or intimation in the opinion of any question of authority existing under Section 1404(a) because of the court's having made the transfer on its own motion. And it may be added that the District Court for the Eastern District of Pennsylvania has since respondent's order here made transfer of some of the cases pending against petitioner in that district to the Northern District of Illinois upon its own motion.

It will be noted that subsection (a) of § 1404 is without any limiting language as to the power of the district court to transfer a civil action to another district such as is contained in subsection (b) ["[u]pon motion, consent or stipulation of all parties"]. Subsection (a) is general in its provisions: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought". Its most impressive phrase would seem to be "in the interest of justice".

■ But there is no need for us to discuss the question further, since the situation here is not one in which respondent's action rested on his own motion. Respondent had initially entered an order on his own motion in five cases pending against petitioner, requiring the parties on both sides to show cause why the cases should not be transferred to the Eastern District of Pennsylvania. At the time of the hearing on the order, the plaintiffs in the cases declared that, while they would prefer to have the cases remain in the Western District of Missouri, they recognized that the situation created by the scope and relationship of the electrical equipment litigation was unique so that considerations of orderly administration of justice and of protection of the interests of parties could be involved which would not be present generally in litigation of this type between private parties. They therefore moved in alternative request, if it appeared to respondent that the interest of justice would be served by transfer of the cases from the Western District of Missouri, for the convenience of the parties and the witnesses, that the transfer be made to the Northern District of Illinois instead of to the Eastern District of Pennsylvania. Respondent granted the request of the alternative motion as to the two cases of power switchgear assemblies, but stayed ruling as to the other three cases which involved other products. As above indicated, the plaintiffs are here supporting the transfer order and requesting that the petition for a writ be dismissed.

As further bases for seeking a writ, petitioner alleges generally that transfer of the cases will severely prejudice it as to local pre-trial discovery; that it also

**364**

will be prejudiced in its other preparations for trial because its Chicago counsel "is already overburdened with the preparation of the cases presently scheduled for trial"; and that the order of transfer is "to a large extent based upon speculation and conjecture as to the manner in which the transferred cases will be handled and * * * as to the national effect of respondent's order upon petitioner's cases in other districts". Other general contentions of similar character are also made. They involve primarily abstract and theoretical arguments.

■ Local pre-trial discovery on the question of damages can be involved in every one of these antitrust cases pending which is to be tried. But this can hardly present any more of a problem as to the two cases here involved in their transferred situation than it would if they had originally been brought in the Northern District of Illinois, as it is conceded might have been done. Nor are any of the other contentions made such as to call upon us to require respondent to make justification in relation to the judgment and discretion which he exercised.

■ The considerations prompting the transfer and the realities on which they rest, as set out in respondent's order, provide in our opinion such a basis for viewing convenience of parties and witnesses, in the interest of justice, as being served, in respect to the disposition of petitioner's cases and their relation to the general problem, as on their face to entitle us to regard the situation as not involving judicial arbitrariness and abuse of discretion. We shall not engage in repetition here from respondent's order of the considerations detailed and the discussion made of them, since the order is published and is available for reference in Kansas City Power & Light Co. v. I-T-E Circuit Breaker Co., 240 F.Supp. 121 (D. C.W.D.Mo.).

It may be added also that the District Court for the Northern District of Illinois has made acceptance of the transfer, has consolidated the cases with those previously on its docket for purposes of trial, and has fixed a tentative trial date. Needless to say, petitioner will be afforded the opportunity for a fair trial. It cannot ask, however, to continue to have its cases stand still.

■ The petition for a writ purports to seek also a writ of prohibition to prevent respondent from engaging in any transfer of the three cases included in his original show-cause order which do not involve power switchgear assemblies, as to which there was no action taken or threatened on the hearing. Mere conjecture as to what action a court may judicially take is not substance on which a writ may preventively be sought.

We have chosen to deal with the matter here on the basis of respondent's authority and discretion under Section 1404 (a), and to pass over without discussion, because of the situation involved and the result reached, our holding in Great Northern Railway Co. v. Hyde, 238 F.2d 852 (8 C.C.A.1956).

The application for an order to show cause is denied, and the petition for a writ will be dismissed.

Petition dismissed.