**I-T-E CIRCUIT BREAKER COMPANY,**
Petitioner,

v.

**Honorable John K. REGAN, District Judge, Respondent.**

No. 18051.

United States Court of Appeals
Eighth Circuit.

July 23, 1965.

Lon Hocker, of Hocker, Goodwin & MacGreevy, St. Louis, Mo., made argument for the petitioner and filed various memorandums with Henry S. Stolar, of Hocker, Goodwin & MacGreevy, St. Louis, Mo.

Alan Kohn, St. Louis, Mo., made argument for respondent and filed typewritten Suggestions of respondent in opposition to Petition for Writ of Prohibition.

Before JOHNSEN and MATTHES, Circuit Judges.

PER CURIAM.

The application for a rule to have respondent show cause why a writ of prohibition should not be issued against him is denied, and the petition for a writ is dismissed.

Petitioner is seeking to prohibit respondent as district judge from making transfer of an antitrust treble-damage

action from the Eastern District of Missouri to the Northern District of Illinois, on an order which was entered under 28 U.S.C.A. § 1404(a) but whose operation has been stayed until disposition of the proceeding here.

The action is one of 88 cases pending against petitioner, in 20 federal judicial districts, on sales of power switchgear assemblies alleged to have been made by it under the price-fixing conspiracy in the electrical equipment industry referred to in I-T-E Circuit Breaker Co. v. Becker, 343 F.2d 361 (8 Cir. 1965).

Under the program of the Co-ordinating Committee for Multiple Litigation of United States District Courts as to the electrical-equipment antitrust damage suits with which the federal courts have been flooded, it has been attempted, after national discovery has been completed in relation to a particular product line, to get the cases of that category moved forward into trial position. This has been done by having a district court, in which a number of such cases were pending and which was in a position to so proceed, set the cases on its docket for trial and then having it accept transfers of such cases from other districts, where these could appropriately be made under 28 U.S.C.A. § 1404(a).

That stage had been reached as to the power switchgear assembly cases. These cases remain primarily pending against petitioner. To assist in carrying out the program of the Co-ordinating Committee, the District Court for the Northern District of Illinois set the cases of that nature on its docket against petitioner for trial. And in furtherance of the attempt of the Committee to deal with the national problem, 22 such cases against petitioner have been transferred from other districts to the Northern District of Illinois, and have thus been put into the general dispositional channel.

Some of these transfers have been made on motion of the plaintiffs involved, as in the Becker case, supra, 343 F.2d 361, where we refused to issue a writ of mandamus to prevent the transfer. Some have been made on the transfer-ring court's own motion, as in I-T-E Circuit Breaker Co. v. City of Philadelphia, 85 S.Ct. 1768 (June 1, 1965), where the Third Circuit made denial of I-T-E's petition for mandamus and the Supreme Court denied its petition for certiorari. The order of transfer in the situation now before us was made on motion of the plaintiff in the case, Union Electric Co. of St. Louis. In all of the cases involved, petitioner I-T-E has apparently opposed the making of the transfer.

The contentions on which a writ is sought here are (1) that the order for transfer is violative of due process as being based upon proceedings which did not accord petitioner an opportunity to be fully heard and upon findings which are not supported by record evidence; (2) that the order is violative of 28 U.S.C.A. § 1404(a), in that the plaintiff below did not sustain its burden of proving that the transfer would be for the convenience of parties and witnesses, in the interest of justice; and (3) that the order was an abuse of discretion under the circumstances of the case, which involves only one purchase by the only plaintiff from the only defendant.

We have afforded petitioner the opportunity for full oral argument of these contentions in our consideration of whether the situation presents a sufficient basis for our discretionary issuance of a rule to show cause or our further discretionary entertainment of the petition for a writ. We are satisfied that it does not.

█ The contention of violation of due process in the proceedings on the motion to transfer is without substance. Counsel for petitioner was afforded full opportunity to be heard in the District Court on oral argument. He was afforded the opportunity to present such facts in relation to petitioner's situation in resistance to the motion as he desired, and this he did in the form of an affidavit by one of petitioner's officers, which the Court duly considered.

█ The fact that the court did not see fit to require the plaintiff to an-

swer some written interrogatories previously submitted by counsel for petitioner (such as how much nearer to Chicago certain named witnesses lived than to St. Louis, etc.), or to postpone hearing on the motion to transfer until this had been done, was not arbitrary in the situation. Whatever might be the limits of the questions entitled to consideration under § 1404(a) in a strictly single case in an individual federal court, having no relation to the administration or disposition of any other litigation pending in the federal judicial system, the situation here went beyond those bounds. The question of convenience of parties and witnesses under § 1404(a) is one which must be measured in terms of "the interest of justice" in relation to the situation which is involved and on the basis of proper judicial discretion exercised as to its whole.

We think that on the facts before it and on those of which it could properly take judicial notice, the District Court was entitled to find, as it did, that the convenience of witnesses, on the national issue of alleged conspiracy and its effect on prices charged by petitioner would be served by a central location for trial, together with the possibility of reducing the number of appearances required by these witnesses; that the convenience of the parties would be served by reducing the cost of separate preparation of power switchgear assembly cases and by better accessibility of documents in the National Documents Depository in Chicago for use in preparation and trial of the case; and that the interest of justice would be served by the apparently planned early trial in Chicago and concentrating many of the power switchgear assembly cases in one jurisdiction and avoiding to the extent possible repetitive trials in many jurisdictions.

These considerations leave petitioner's technical contentions without any force. As in the situation on which the Supreme Court denied certiorari, referred to above, we think the District Court was entitled to make the evaluation and exercise its discretion on the basis, "that it would facilitate the national disposition of these cases to transfer them to the Northern District of Illinois to be either consolidated with the cases there set for trial or for trial immediately thereafter".

Application for rule to show cause denied and petition for writ dismissed.