**McGRAW–EDISON COMPANY, a Corporation, Petitioner,**

v.

**Honorable Robert VAN PELT, Judge of the United States District Court for the District of Nebraska, et al., Respondents.**

**Nos. 17465, 17466.**

United States Court of Appeals
Eighth Circuit.
Aug. 11, 1965.

---

Malcolm D. Young, Omaha, Neb., Leland C. White, Harlan, Iowa, for petitioner.

Donald P. Lay, of Eisenstatt, Lay, Higgins & Miller, Omaha, Neb., Frank C. Heinisch, Omaha, Neb., for respondents.

Before JOHNSEN, VOGEL, VAN OOSTERHOUT, MATTHES, BLACK-MUN, RIDGE and MEHAFFY, Circuit Judges.

PER CURIAM.

Petitions for writs of mandamus are before us in relation to two separate actions pending against petitioner as defendant in the District Court for the District of Nebraska. A writ is sought as to each case directing respondent as district judge to vacate the order entered by him denying petitioner's motion for transfer under 28 U.S.C.A. § 1404(a), and to enter an order granting the transfer.

We took submission en banc of petitioner's applications for a rule to show cause, in order to consider whether we should allow the situation to be controlled by, or should make re-examination of, the holding by a panel of this Court in Great Northern Railway Co. v. Hyde, 8 Cir., 238 F.2d 852 (1956), adhered to by a divided panel on rehearing, 245 F.2d 537 (1957), certiorari denied 355 U.S. 872, 78 S.Ct. 117, 2 L.Ed.2d 77.

The holding in Great Northern was that mandamus or prohibition is not available for review of an order of a district court under 28 U.S.C.A. § 1404 (a), whether made in grant or in denial of a transfer, save only that the writ may be sought to prevent a court from transferring a case to a district where the action could not have been brought. Thus, the majority of the panel refused in that case to grant relief against an order of transfer, which, it conceded, "the factual situation did not warrant", and which involved a district "to which, in our opinion (the action) could not properly have been transferred in view of the surrounding circumstances." 245 F.2d at 538.

The legal absolutism that mandamus and prohibition do not permit of any examination of an order under § 1404(a) for judicial arbitrariness, in the sense that the facts and circumstances involved provide no basis for the action taken to represent a judgment of discretion in the situation, is not one which has had following in the decisions of other Circuits subsequent to the Great Northern holding. The holding has been referred

to in two cases under § 1404(a), Lemon v. Druffel, 253 F.2d 680, (6 Cir. 1958), and Lykes Bros. Steamship Co. v. Noonan, 272 F.2d 679 (2 Cir. 1959), but those cases, while making denial of a writ, engaged in examination of the facts and circumstances sufficient to satisfy that the action of the district court could not be said to have been wholly arbitrary.

There have been other cases since Great Northern in which the course similarly has been taken of examining whether the district court's action under § 1404 (a) was shown to be without any possible basis for judgment of discretion, so as legally to involve abuse of judicial power and responsibility. Among these (without complete enumeration) are Butterick Co. v. Will, 316 F.2d 111, 113 (7 Cir. 1963) and General Tire & Rubber Co. v. Watkins, 326 F.2d 926, 929 (4 Cir. 1964). This same position had been taken by the Fifth Circuit, In re First National Bank of Montgomery, 233 F.2d 876 (1956), prior to our Great Northern holding.

In thus making examination of whether the district court's action under § 1404(a) has been arbitrary, these cases have not opened the door to any loose issuance of a writ. All of them have expressly or by implication emphasized the narrow range of scrutiny which is involved and the traditional restraint which always must be exercised by an appellate court in relation to the issuance of any writ. The only relief which a party will be permitted to seek in such a situation is against manifest judicial arbitrariness. Unless it is made clearly to appear that the facts and circumstances are without any basis for a judgment of discretion, the appellate court will not proceed further to examine the district court's action in the situation. If the facts and circumstances are rationally capable of providing reasons for what the district court has done, its judgment based on those reasons will not be reviewed. Chemetron Corporation v. Perry, 295 F.2d 703, 704 (7 Cir. 1961). Where basis exists for judgment of discretion, the appellate court may not substitute its own discretion for that of the district court. General Casualty Company v. Grubb, 253 F.2d 51, 53 (7 Cir. 1958).

To the extent that the Great Northern case closes the door to these considerations and an application of them in relation to a petition for a writ of mandamus or prohibition as to § 1404(a) action, we think it should be and it is hereby overruled.

We turn then to an examination of the situation before us on this basis. One of the reasons on which the district court based its denial of transfer in both of the cases involved was that the motions were untimely, in that they had not been made until approximately five months after the suits were filed, during which time there had occurred extensive preparation and expense on the part of plaintiffs' Nebraska counsel in getting the cases ready for local trial. Petitioner had itself throughout this period invoked the court's time and consideration on motions and other incidents as aspects of a purported moving toward trial there. Thus, it had filed and submitted motions for extension of time to plead; motions to calendar the cases for trial at Omaha instead of Lincoln; motions to dismiss the actions; motions to sever the claims; and objections to the taking of depositions by the plaintiffs. It further had submitted three sets of interrogatories for discovery purposes.

Respondent's denial of the motions to transfer was made after opportunity for hearing and consideration of the respective showings in support of and in resistance to the motions. The plaintiffs were all franchised dealers of petitioner and their claims all grew out of that relationship. In the action involved in our No. 17,465, there were three plaintiffs, who had joined in asserting their separate claims against petitioner. No transfer was sought as to the claim of the first plaintiff. The motion sought to have the claim of the second plaintiff transferred to the District of Colorado and that of the third plaintiff transferred to the District of North Dakota. In the action involved in our No. 17,466, where

there was only a single plaintiff, the motion sought transfer of the case to the District of Colorado.

██ We need not go further in our consideration here than to declare that on the facts and circumstances shown by the affidavits filed, the court's denial of the motions to transfer for untimeliness cannot be contended to be arbitrary. Substance was involved which could properly be accorded significance and weight on the question of transfer, so that there existed basis in reason for judgment of discretion to be exercised as to what ought to be done. The district court gave other reasons also for its action, but these need not be gone into, since the ground set out above is sufficient for us to halt consideration of the petitions.

It should perhaps be mentioned that while these petitions have been under submission, an administrative panel of the Court has dealt with some petitions for writs, requiring immediate action, in the electrical-equipment anti-trust damage cases pending throughout the federal system, on the basis of the views which have here been reached, instead of making disposition on the basis of the Great Northern holding. See I–T–E Circuit Breaker Co. v. Becker, 343 F.2d 361 (1965) and I–T–E Circuit Breaker Co. v. Regan, 8 Cir., 348 F.2d 403 (July 23, 1965). This was done because it seemed desirable in denying the writs sought in those cases to leave no question as to the propriety of the transfers made in that field of litigation.

Applications for rules to show cause denied and petitions for writs dismissed.[1]

VAN OOSTERHOUT, Circuit Judge (concurring specially).

I agree with the majority determination that the District Court's action in refusing to transfer these cases is not arbitrary and that no abuse of discretion is shown. Such determination adequately supports the result reached.

In my view, our overruling of Great Northern R. R. v. Hyde, 8 Cir., 238 F.2d 852, adhered to on rehearing, 245 F.2d 537, cert. denied 355 U.S. 872, 78 S.Ct. 117, is too broad. I agree that Great Northern may go too far to the extent that it denies the availability of mandamus or prohibition to review for abuse of discretion orders transferring cases out of the circuit in appropriate situations. In our present case, no transfer was made. Hence any error in refusing to transfer can be considered by this court upon direct appeal from final judgment.

Judge Sanborn in Great Northern presents cogent reasons supported by respectable authority at pp. 855–857 of 238 F.2d why the gate should not be widely opened to the use of extraordinary writs in situations such as this where the statute confers power upon the trial court and makes no provision for an interlocutory appeal.

Judge Goodrich in All States Freight, Inc. v. Modarelli, 3 Cir., 196 F.2d 1010, 1012, quoted with approval by us in Great Northern, states in part:

"But we cannot escape the conclusion that it will be highly unfortunate if the result of an attempted procedural improvement is to subject parties to two lawsuits: first, prolonged litigation to determine the place where a case is to be tried; and, second, the merits of the alleged cause of action itself."

I agree with the view expressed in Great Northern thus stated:

"So far as this Court is concerned, we shall hereafter grant leave to apply for mandamus or prohibition to review transfer orders if and when an Act of Congress or a decision of the Supreme Court requires us to do so. We think that, in the interest of an expeditious, efficient and orderly administration of justice, controversies about venue

---

1. In the petitions here, the plaintiffs in the district court actions have been named as respondents, but this is merely a formality so that the single styling used above as to the petitions is all that is necessary for purposes of this per curiam.

should be finally settled and determined at the District Court level." 238 F.2d 852, 857.

Such should be the general rule and leave should be granted to file a petition for writ only in extraordinary cases.

Possibly additional situations might develop in the future which might justify entertaining an extraordinary writ. Such situation can best be met when it arises.