**AMERICAN STANDARD, INC., Plaintiff,**

**v.**

**THE BENDIX CORPORATION, Defendant.**

**Civ. A. No. 73CV670–W–B.**

United States District Court, W. D. Missouri, W. D.

Jan. 29, 1980.

Warwick R. Furr, II (argued), Henry M. Moore and Randall C. Allen of Lewis, Mitchell & Moore, Washington, D. C., John C. Noonan and Randall E. Hendricks, of Stinson, Mag & Fizzell, Kansas City, Mo., Austin B. McGregor, New York City, for plaintiff American Standard, Inc.

Jerome T. Wolf (argued) of Spencer, Fane, Britt & Browne, Kansas City, Mo., Erwin N. Griswold of Jones, Day, Reavis & Pogue, Eldon H. Crowell, W. Stanfield Johnson and Richard McMillan, Jr., of Crowell & Moring, Washington, D. C., and Noel C. Crowley, Southfield, Mich., for defendant The Bendix Corp.

ORDER DENYING PLAINTIFF'S "MOTION FOR TRANSFER FOR PURPOSES OF TRIAL"

WILLIAM H. BECKER, District Judge.

This order denies a motion under § 1404(a), Title 28, United States Code, of

American Standard Inc. (plaintiff) for transfer of this complex civil action for purpose of trial from the United States District Court for the Western District of Missouri, Western Division, to the United States District Court for the Eastern District of Virginia, at Alexandria, or, in the alternative, to the United States District Court for the District of Maryland.

This is a complex civil action pending on the complaint of the plaintiff and counterclaim of The Bendix Corporation (defendant).

The complaint contains four counts as follows: Count I is a claim for relief for damages for alleged violations of the antitrust laws of the United States; Count II is a claim for relief for rescission of a "Leader/Follower" Contract dated November 10, 1967, described hereinafter, and for restitution, based on alleged fraud; Count III is a claim for relief for damages resulting from alleged fraud; and Count IV is a claim for relief for damages caused by alleged breaches of the "Leader/Follower" Contract dated November 10, 1967.

The defendant has filed a counterclaim in four counts as follows: Count I of the counterclaim is a claim for relief for damages caused by alleged fraud; Count II of the counterclaim is a claim for relief for damages resulting from alleged breaches of the "Leader/Follower" Contract dated November 10, 1967; and Counts III and IV of the counterclaim are claims for relief, including damages, based on alleged violations of the False Claims Act of the United States.

This action arose as a result of a series of alleged events occurring after the making of a "Leader/Follower" Contract dated November 10, 1967, between the defendant and Wilcox Electric Company, Inc.[1] (Wilcox) for the manufacture of APX–72 military IFF ("identification friend or foe") radio-transponders (APX–72) for the United States Department of Navy.

### Procedural History of Motions for Transfer Under § 1404(a), Title 28, United States Code

On May 1, 1974, before either party had conducted any substantial discovery, the defendant moved for an order under § 1404(a), Title 28, United States Code (§ 1404(a)) transferring this action for all purposes from the United States District Court for the Western District of Missouri, Western Division, at Kansas City, Missouri, to the United States District Court for the District of Maryland, at Baltimore ("Transcript of Proceedings" of October 11, 1979, filed November 5, 1979 (hereinafter "Transcript"), 152–153; "Supplemental Memorandum of Plaintiff American Standard Inc. Concerning Defendant's Pending Motion for Transfer and Suggestions of Plaintiff Regarding the Selection of a More Convenient Forum for Trial of This Action," filed April 16, 1979 (hereinafter "Supplemental Memorandum of Plaintiff"), 1; "Motion for Transfer" of the defendant, filed May 1, 1974). The plaintiff then opposed this motion for transfer ("Memorandum of Plaintiff American Standard Inc. in Opposition to Defendant's Motion for Transfer," filed May 22, 1974).

On July 31, 1974, a ruling on the defendant's motion for transfer was stayed until the completion of the first wave of discovery.[2]

Five years later, the positions of the parties concerning transfer from this district were reversed. In a letter treated as a motion for transfer, filed April 12, 1979, the plaintiff advised this Court as follows:

. . ., we have concluded that transfer of this case to a more convenient forum for purposes of trial has considerable merit. . . . [W]e would suggest

---

1. As a result of corporate reorganizations and mergers, the plaintiff is the successor in interest to Melpar, Inc. and to a subsidiary of Melpar, Inc., namely Wilcox (Complaint, ¶ 1). In this action the plaintiff asserts its claims for relief through Wilcox.

2. The first wave of discovery in this action ended on March 31, 1975 ("Amended Pretrial Order Number 1," filed September 5, 1974, ¶ 2(f)).

that the transfer be for purpose of trial so that this Court could rule on those pending summary judgment and related discovery motions which have been briefed before this Court.

In response to the plaintiff's letter motion for transfer filed April 12, 1979, the defendant stated that there was no longer any motion of the defendant for transfer pending in this action, and that the defendant's motion for transfer of May 1, 1974, was withdrawn by the defendant (Transcript, 153; "Defendant's Suggestions Concerning Plaintiff's Memorandum on the Issue of Transferring the Case to Another Forum," filed April 25, 1979 (hereinafter "Defendant's Suggestions"), 1–2).

On October 11, 1979, on notice and hearing, an evidentiary hearing and oral argument were held concerning the plaintiff's letter motion for transfer filed April 12, 1979.

On October 23, 1979, with leave, the plaintiff filed a formal written "Motion for Transfer for Purposes of Trial," in which it moved for transfer of this action for purpose of trial to the United States District Court for the Eastern District of Virginia, at Alexandria, or, in the alternative, to the United States District Court for the District of Maryland.

## I.

*Summary of Parties' Contentions Concerning Plaintiff's Motion for Transfer Under § 1404(a), Title 28, United States Code*

A. Summary of Plaintiff's Contentions

The plaintiff bases its motion for transfer under § 1404(a) on five grounds. These five grounds are summarized as follows.

First, the plaintiff contends that the convenience of witnesses is its primary ground for transfer of this action (Transcript, 159). The plaintiff alleges that most of its key antitrust witnesses, key witnesses from the Department of Defense, and key contract performance witnesses reside in the nearby Washington, D. C. and Baltimore, Maryland metropolitan areas (Transcript, 158, 160, 187; "Plaintiff's Supplemental Suggestions Relating to Transfer of This Case Pursuant to 28 U.S.C. § 1404(a)," filed October 1, 1979 (hereinafter "Plaintiff's Supplemental Suggestions"), 3, 6; "Reply by Plaintiff American Standard Inc. to Defendant Bendix Corporation's Memorandum on the Issue of Transfer," filed May 8, 1979 (hereinafter "Reply by Plaintiff"), 2; Supplemental Memorandum of Plaintiff, 2–4).

Second, the plaintiff contends that the "live testimony" of most of its key witnesses, described above, in this action can be had only in the Washington, D.C. and Baltimore, Maryland metropolitan areas because most of these key witnesses, who reside in the Washington, D.C. and Baltimore, Maryland metropolitan areas, can be compelled to appear personally and testify pursuant to F.R.Civ.P. 45(e)(1) by either the United States District Court for the Eastern District of Virginia or by the United States District Court for the District of Maryland[3] (Transcript, 158, 160, 187; Plaintiff's Supplemental Suggestions, 3–4, 6; Reply by Plaintiff, 2; Supplemental Memorandum of Plaintiff, 2–4).

Third, the plaintiff contends that this action "might have been brought," within the meaning of § 1404(a), Title 28, United States Code, in the United States District Court for the Eastern District of Virginia, at Alexandria, under Section 12 of the Clayton Anti-Trust Act, § 22, Title 15, United States Code, because the defendant corpo-

---

**3.** Since many of the key antitrust witness are allegedly former or current employees (or "consultants") of the defendant, the plaintiff alleges that they are adverse to the plaintiff and cannot be expected to appear during the case-in-chief of the plaintiff in the absence of compulsory process (Plaintiff's Supplemental Suggestions, 3; Supplemental Memorandum of Plain-

tiff, 4). Further, the plaintiff alleges that there are a number of non-party witnesses, primarily present and former procurement officials of the Department of Defense and other military procurement officials, who would be reluctant to appear as witnesses at trial in the absence of compulsory process (Transcript, 158).

ration is found and transacts business in the Eastern District of Virginia (Supplemental Memorandum of Plaintiff, 5 note 5).

Fourth, the plaintiff alleges that trial of this action in the United States District Court for the Eastern District of Virginia, at Alexandria, or the United States District Court for the District of Maryland, at Baltimore, would result in substantially less inconvenience to trial counsel, and in significant money savings to both parties because lead trial counsel for both parties are located "in Washington, D.C. and its suburbs" (Supplemental Memorandum of Plaintiff, 2, 4).

Fifth, the plaintiff contends that this action should be transferred to the United States District Court for the Eastern District of Virginia because most of the material documents in this action are found either in northern Virginia or in the Baltimore, Maryland metropolitan area (Transcript, 160).

### B. Summary of Defendant's Contentions

The defendant opposes the plaintiff's motion for transfer under § 1404(a) on four grounds. These four grounds are summarized as follows.

First, the defendant contends that the important "qualitative preponderance of evidence" to be given at trial in this action will be given in testimony by witnesses [4] either residing in the Kansas City metropolitan area or by witnesses located more conveniently to the Kansas City metropolitan area than to the Washington, D.C. and Baltimore, Maryland metropolitan areas (Transcript, 162–169, 175–179; "Defendant's Supplemental Suggestions Opposing Transfer of This Case Pursuant to 28 U.S.C. § 1404(a)," filed October 9, 1979 (hereinafter "Defendant's Supplemental Suggestions"), 2–3).

Second, the defendant contends that the plaintiff's motion for transfer is untimely because in its Order of July 31, 1974, this Court made clear that transfer was to be reconsidered in 1975 at the completion of first wave discovery, but no request for reconsideration was made then (Defendant's Supplemental Suggestions, 5 and note **; Defendant's Suggestions, 2).

Third, the defendant contends that it would be unduly prejudiced if this action were transferred to another forum, because local counsel for defendant are expected to play a major role at trial (Transcript, 181; Defendant's Supplemental Suggestions, 5; Defendant's Suggestions, 3).

Fourth, the defendant contends that because this complex civil action has been before this Court for six years, a transfer of this action to another forum would result in the loss of this Court's expertise and experience in this action (Transcript, 173, 180–182; Defendant's Supplemental Suggestions, 6; Defendant's Suggestions, 3).

### II.

#### Decision

For reasons stated hereinafter, the plaintiff's "Motion for Transfer for Purposes of Trial" will be denied. A discussion of the legal standards applicable to a motion for transfer under § 1404(a) follows.

---

**4.** The defendant alleges that these witnesses will show that prior to the execution of the "Leader/Follower" Contract of November 10, 1967, between the defendant and Wilcox, (a) there were no fraudulent misrepresentations made by the defendant to Wilcox, and (b) Wilcox had access to all facts material to the APX–72 (Transcript, 162–163, 166, 168–169; Defendant's Supplemental Suggestions, 3–4; Defendant's Suggestions, 4). Further, the defendant alleges that these witnesses will also show that Wilcox "bought in" (i. e., submitted a bid at or below cost) on the "Leader/Follower" Contract of November 10, 1967, between the defendant and Wilcox to get into the transponder market. Thus, argues the defendant, these witnesses will prove that Wilcox expected the money loss that it later suffered (Transcript, 162, 164–166, 168–169; Defendant's Supplemental Suggestions, 3; Defendant's Suggestions, 4).

## III.

### Legal Standards Applicable to Motion for Transfer Under § 1404(a), Title 28, United States Code

#### A. Preliminary Discussion

[1] Section 1404(a), Title 28, United States Code (§ 1404(a)) [5] applies to any civil action, including this one. *Van Dusen v. Barrack*, 376 U.S. 612, l.c. 616, 84 S.Ct. 805, l.c. 809, 11 L.Ed.2d 945, l.c. 950 (1964); 1 *Moore's Federal Practice* ¶ 0.145[4.–1] (2d ed. 1979); 15 Wright, Miller & Cooper, *Federal Practice And Procedure* § 3843, l.c. 204, 208 (1976); Annot., 7 A.L.R.Fed. 9, l.c. § 3 (1971). In general, § 1404(a) authorizes the transfer of a civil action from one federal forum in which venue is proper to another federal forum in which venue is proper, if the district court determines that the transfer is "For the convenience of parties and witnesses, in the interest of justice." § 1404(a), Title 28, United States Code; *Van Dusen v. Barrack, supra*, 376 U.S. 612, l.c. 616, 84 S.Ct. 805, l.c. 809, 11 L.Ed.2d 945, l.c. 950 (1964); 1 *Moore's Federal Practice* ¶ 0.145 [3.–1], l.c. 1584, ¶ 0.145[5], l.c. 1614 (2d ed. 1979). Any party to the action, including the plaintiff, may move for transfer under § 1404(a). *I–T–E Circuit Breaker Company v. Regan* (C.A. 8 1965) 348 F.2d 403 (per curiam); *I–T–E Circuit Breaker Company v. Becker* (C.A. 8 1965) 343 F.2d 361 (per curiam); 1 *Moore's Federal Practice* ¶ 0.145 [4.–2], l.c. 1598, ¶ 0.145[5], l.c. 1615–1616 (2d ed. 1979); 15 Wright, Miller & Cooper, *Federal Practice And Procedure* § 3844, l.c. 209 (1976); Kaufman, *Observations on Transfers Under Section 1404(a) of the New Judicial Code*, 10 F.R.D. 595, l.c. 603 (1951); Annot., 7 A.L.R.Fed. 9, l.c. § 4 (1971).

■ Exercise of the power to transfer authorized by § 1404(a) is committed to the sound discretion of the district court. *Layne-Minnesota p.r., Inc. v. Singer Company* (C.A. 8 1978) 574 F.2d 429, l.c. 434; *Plum Tree, Inc. v. Stockment* (C.A. 3 1973) 488 F.2d 754, l.c. 756; *Texas Gulf Sulphur Company v. Ritter* (C.A. 10 1967) 371 F.2d 145, l.c. 147; 1 *Moore's Federal Practice* ¶ 0.145[5], l.c. 1619 (2d ed. 1979); 15 Wright, Miller & Cooper, *Federal Practice And Procedure* § 3847, l.c. 235 (1976). "The combination and weight of factors requisite to a given result cannot be cataloged. At stake is the art of judging." 1 *Moore's Federal Practice* ¶ 0.145[5], l.c. 1619–1620 (2d ed. 1979). See also 15 Wright, Miller & Cooper, *Federal Practice And Procedure* § 3847, l.c. 235 (1976). Although the criteria [6] listed by the Supreme Court of the United States in *Gulf Oil Corporation v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), remain valid, a district court now has greater discretion in ordering a transfer under § 1404(a) than it had under the analogous common law doctrine of *forum non conveniens* under which dismissal without prejudice resulted. *Norwood v. Kirkpatrick*, 349

---

**5.** Section 1404(a) reads as follows:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

**6.** Before the enactment of § 1404(a), Mr. Justice Jackson listed the criteria for dismissal under the analogous common law doctrine of *forum non conveniens* in *Gulf Oil Corporation v. Gilbert*, 330 U.S. 501, l. c. 508–509, 67 S.Ct. 839, l. c. 843, 91 L.Ed. 1055, l. c. 1062–1063 (1947), as follows:

If the combination and weight of factors requisite to given results are difficult to forecast or state, those to be considered are not difficult to name. An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive . . . .

Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. . . . There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

U.S. 29, l.c. 32, 75 S.Ct. 544, l.c. 546, 99 L.Ed. 789, l.c. 793 (1955); 1 *Moore's Federal Practice* ¶ 0.145[5], l.c. 1632–1634 (2d ed. 1979); 15 Wright, Miller & Cooper, *Federal Practice And Procedure* § 3847, l.c. 238–239 (1976).

The moving party has the burden of proof, and must make a convincing showing of the right to transfer. *Factors Etc., Inc. v. Pro Arts, Inc.* (C.A. 2 1978) 579 F.2d 215, l.c. 218, *cert. denied*, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979); *Texas Gulf Sulphur Company v. Ritter, supra*, (C.A. 10 1967) 371 F.2d 145, l.c. 147; 1 *Moore's Federal Practice* ¶ 0.145[5], l.c. 1615, 1633 (2d ed. 1979); 15 Wright, Miller & Cooper, *Federal Practice And Procedure* § 3848, l.c. 244, 248–251 (1976); Annot., 1 A.L.R.Fed. 15, l.c. § 4 (1969). This is because § 1404(a) provides for transfer "to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack, supra*, 376 U.S. 612, l.c. 645–646, 84 S.Ct. 805, l.c. 824, 11 L.Ed.2d 945, l.c. 966 (1964).

Section 1404(a) sets no time limit on when a motion to transfer can be made. § 1404(a), Title 28, United States Code; 15 Wright, Miller & Cooper, *Federal Practice And Procedure* § 3844, l.c. 211 (1976). Thus, the passage of time alone or delay alone is not a sufficient reason to deny a transfer. 1 *Moore's Federal Practice* ¶ 0.145[4.–3], l.c. 1601 (2d ed. 1979). But if the passage of time or delay would unduly prejudice the opposing party or parties, or the filing of the motion for transfer is a dilatory tactic, a district court may deny the motion for transfer. *McGraw-Edison Company v. Van Pelt* (C.A. 8 1965) 350 F.2d 361 (per curiam); 1 *Moore's Federal Practice* ¶ 0.145[4.–3], l.c. 1601 (2d ed. 1979); 15 Wright, Miller & Cooper, *Federal Practice And Procedure* § 3844, l.c. 212–213 (1976); Annot., 7 A.L.R.Fed. 9, l.c. § 30 (1971); Annot., 1 A.L.R.Fed. 15, l.c. § 16 (1969).

Under the foregoing authorities, it is concluded that the plaintiff's motion for transfer is timely. Although in this complex civil action the plaintiff has delayed four years in making its motion for transfer, no showing has been made that the delay was a dilatory tactic, or that the defendant would be prejudiced solely because of the delay.

B. "Where It Might Have Been Brought"

A district court does not have unlimited power under § 1404(a) to transfer a civil action to any federal district. Section 1404(a) limits transfer of a civil action to "any other district or division where it might have been brought." § 1404(a), Title 28, United States Code; *Hoffman v. Blaski*, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960); *Van Dusen v. Barrack, supra*, 376 U.S. 612, l.c. 616, 84 S.Ct. 805, l.c. 809, 11 L.Ed.2d 945, l.c. 950 (1964); 1 *Moore's Federal Practice* ¶ 0.145 [6.–1], l.c. 1634 (2d ed. 1979); 15 Wright, Miller & Cooper, *Federal Practice And Procedure* § 3845, l.c. 216 (1976); Annot., 7 A.L.R.Fed. 9, l.c. §§ 20–26 (1971).

The phrase "where it might have been brought" relates to the time when the action was originally brought. *Hoffman v. Blaski, supra*, 363 U.S. 335, l.c. 343, 80 S.Ct. 1084, l.c. 1089, 4 L.Ed.2d 1254, l.c. 1261 (1960); Annot., 7 A.L.R.Fed. 9, l.c. § 20[b] (1971). A district or division is one where the action "might have been brought" if, when the action began, (a) the proposed transferee district court would have had subject matter jurisdiction over the action, (b) venue would have been proper there, and (c) the defendant would have been amenable to process issuing out of the transferee district court. 1 *Moore's Federal Practice* ¶ 0.145 [6.–1], l.c. 1636 (2d ed. 1979); 15 Wright, Miller & Cooper, *Federal Practice And Procedure* § 3845, l.c. 216–218 (1976); Annot., 7 A.L.R.Fed. 9, l.c. §§ 21–22 (1971).

When this action began, both the United States District Court for the Eastern District of Virginia, at Alexandria, and the United States District Court for the District of Maryland, at Baltimore, would have had subject matter jurisdiction over this action. Further, when this action began, venue

would have been proper in those districts, under Section 12 of the Clayton Anti-Trust Act (§ 22, Title 15, United States Code) because the defendant corporation was found and transacted business in both the Eastern District of Virginia, and in the District of Maryland (Transcript, 160; Supplemental Memorandum of Plaintiff, 5 note 5). And, when this action began the defendant would have been amenable to process issuing out of the United States District Court for the Eastern District of Virginia, at Alexandria, and the United States District Court for the District of Maryland, at Baltimore.

■ Therefore, it is concluded that when this action was commenced in this Court it "might have been brought" in either the United States District Court for the Eastern District of Virginia, at Alexandria, or the United States District Court for the District of Maryland, at Baltimore.

### C. "The Convenience of Parties and Witnesses"

### 1. The Convenience of Parties

Both of the parties in this action are solvent national corporations. And the plaintiff has not shown that it would be greatly inconvenienced if trial were to take place in the United States District Court for the Western District of Missouri, Western Division.

■ Further, concerning the argument of the plaintiff that its trial counsel would be substantially inconvenienced if trial were to take place in the United States District Court for the Western District of Missouri, the majority of cases have held that the location and convenience of counsel should be given little weight, at most. *Solomon v. Continental American Life Insurance Company* (C.A. 3 1973) 472 F.2d 1043, l.c. 1047 (holding that the convenience of counsel is not a factor to be considered); *Sypert v.*

*Miner* (C.A. 7 1959) 266 F.2d 196, l.c. 199, *cert. denied*, 361 U.S. 832, 80 S.Ct. 82, 4 L.Ed.2d 74 (1959) (holding that the convenience of counsel is not a controlling factor); 1 *Moore's Federal Practice* ¶ 0.145[5], l.c. 1625 note 15 (2d ed. 1979 & Supp. 1979–80); 15 Wright, Miller & Cooper, *Federal Practice And Procedure* § 3850, l.c. 261–262 (1976); Annot., 1 A.L.R.Fed. 15, l.c. § 11 (1969).

### 2. The Convenience of Witnesses

■ The most important factor in passing on a motion for transfer under § 1404(a) is the convenience of witnesses.[7] *Saminsky v. Occidental Petroleum Corp.* (S.D.N.Y. 1974) 373 F.Supp. 257, l.c. 259; *Fogel v. Wolfgang* (S.D.N.Y. 1969) 48 F.R.D. 286, l.c. 291; 15 Wright, Miller & Cooper, *Federal Practice And Procedure* § 3851, l.c. 264 (1976); Annot., 1 A.L.R.Fed. 15, l.c. § 8 (1969).

■ But if the party moving for transfer under § 1404(a) merely makes a general allegation that witnesses will be necessary, without identifying those necessary witnesses and indicating what their testimony at trial will be, the motion for transfer based on convenience of witnesses will be denied. 15 Wright, Miller & Cooper, *Federal Practice And Procedure* § 3851, l.c. 271 (1976). *See Factors Etc., Inc. v. Pro Arts, Inc., supra,* (C.A. 2 1978) 579 F.2d 215, l.c. 218, *cert. denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979); *Plum Tree, Inc. v. Stockment, supra,* (C.A. 3 1973) 488 F.2d 754, l.c. 756–757; *Texas Gulf Sulphur Company v. Ritter, supra,* (C.A. 10 1967) 371 F.2d 145, l.c. 148; Annot., 1 A.L.R.Fed. 15, l.c. § 8[c] (1969). This limitation on transfers for the convenience of witnesses was accurately described in 15 Wright, Miller & Cooper, *Federal Practice And Procedure* § 3851, l.c. 270–271 (1976), as follows:

7. It has been suggested that what the courts really consider in passing on a motion for transfer under § 1404(a) is the possibility of having live testimony at trial rather than the convenience of witnesses. 15 Wright, Miller & Cooper, *Federal Practice And Procedure*

§ 3851, l.c. 266–267 (1976). *See Weltmann v. Fletcher* (N.D. Ohio 1976) 431 F.Supp. 448, l.c. 451 note 3; *DeLay & Daniels, Inc. v. Allen M. Campbell Co., General Contractors, Inc.* (D.S.C. 1976) 71 F.R.D. 368, l.c. 372–373.

The most important limitation on transfers to suit the convenience of witnesses is the showing that is required to justify such a transfer. The courts with one accord, have refused to let applications for transfer become "a battle of numbers." The rule is that these applications are not determined solely upon the outcome of a contest between the parties as to which of them can present a longer list of possible witnesses located in the respective districts in which each party would like to try the case. The party seeking the transfer must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover. The emphasis must be on this showing rather than on numbers. One key witness may outweigh a great number of less important witnesses. [Footnotes omitted.]

In this action the plaintiff has presented "a few examples of key witnesses" (Reply by Plaintiff, 4) in which it has identified five witnesses and stated generally what their testimony at trial will be (Transcript, 183–185; Reply by Plaintiff, 2–4). In addition, in the Appendices to "Plaintiff's Supplemental Suggestions Relating to Transfer of this Case Pursuant to 28 U.S.C. § 1404(a)," filed October 1, 1979, the plaintiff has listed fifty-four "key witnesses Plaintiff intends to call at trial" (Plaintiff's Supplemental Suggestions, 1). These Appendices contain a job title, job description or description of each witness's relation to the parties, and the location where each of the fifty-four listed witnesses reside. But these Appendices do not state what the testimony of each of the fifty-four listed witnesses will be at trial.[8]

■ On the other hand, in oral argument (Transcript, 164–169) and in its suggestions in opposition to the plaintiff's motion for transfer (Appendix of Defendant's Supplemental Suggestions), the defendant has identified seventeen allegedly important witnesses who either reside in the Kansas City metropolitan area, or are more conveniently located to the Western District of Missouri than to either the Eastern District of Virginia or the District of Maryland. Further, the defendant has indicated what the testimony of each of these seventeen allegedly important witnesses will be. (*See also* "Summary of Defendant's Contentions," *supra*, contained in Part B of "Summary of Parties' Contentions Concerning Plaintiff's Motion for Transfer Under § 1404(a), Title 28, United States Code," and the text of note 4, *supra*.) This showing by the defendant is persuasive especially because the defendant, as the non-moving party, does not bear the burden of proof on the question of transfer.

### D. "In the Interest of Justice"

■ The interest of justice is also an important factor in deciding a motion for transfer under § 1404(a). 15 Wright, Miller & Cooper, *Federal Practice And Procedure* § 3854, l.c. 279–280 (1976). This factor may appear in a variety of ways.

For example, uncertainty about the relevant substantive law of the proposed transferor district court, and particularly its choice of law rules, should be considered as a factor bearing on the desirability of transfer.[9] *Van Dusen v. Barrack, supra,* 376 U.S. 612, l.c. 645–646, 84 S.Ct. 805, l.c. 824, 11 L.Ed.2d 945, l.c. 966 (1964).

■ Assuming that the plaintiff's motion for transfer was granted, there would also be uncertainty in this action whether the substantive law, including its choice of law rules, of Missouri, in which the transferor district court sits, or Virginia or

---

8. The plaintiff contends that these Appendices "are based largely on sworn deposition testimony or answers to interrogatories and therefore provide an evidentiary basis for this Court's evaluation under 28 U.S.C. § 1404(a)" (Plaintiff's Supplemental Suggestions, 1 note *).

9. In this action the plaintiff contends that the five year statute of limitations of Missouri applies concerning the fraud claims in Counts II and III of the plaintiff's complaint. The defendant contends that the one year statute of limitations of Virginia applies. *American Standard Inc. v. Bendix Corporation* (W.D.Mo.1978) 80 F.R.D. 706, l.c. 708.

Maryland, in which the assumed transferee district court sits, or possibly the substantive law of another state, would apply. *Compare* 1 *Moore's Federal Practice* ¶ 0.145 [4.–5], l.c. 1608 (2d ed. 1979) (submitting that when venue is proper in the transferor district, and service can be obtained there, there is no technical reason why the substantive law that would have been applied in the transferor district court under the choice of law rules of the state from which the action was transferred, should not control in the transferee district court after a transfer under § 1404(a) on plaintiff's motion) *with* 15 Wright, Miller & Cooper, *Federal Practice And Procedure* § 3846, l.c. 233–234 (1976) (submitting that the substantive law determined under the choice of law rules of the state to which the action was transferred should control after a transfer under § 1404(a) on plaintiff's motion).

■ In addition, the factor of the interest of justice may, and usually does, involve the other factors material to a decision on a motion for transfer under § 1404(a). For example, the factor of the convenience of parties and witnesses must also be measured in terms of the interest of justice. *I–T–E Circuit Breaker Company v. Regan, supra,* (C.A. 8 1965) 348 F.2d 403, l.c. 405 (per curiam).

In light of the above considerations, it is concluded that the interest of justice does not favor transfer from the United States District Court for the Western District of Missouri, Western Division, as the most convenient forum for this action.

E. The Additional Consideration of Location of Records and Documents

■ The location of records and documents is also a factor that should be considered in determining the proper forum in a motion for transfer under § 1404(a). *Gulf Oil Corporation v. Gilbert, supra,* 330 U.S. 501, l.c. 508, 67 S.Ct. 839, l.c. 843, 91 L.Ed. 1055, l.c. 1062 (1947); 1 *Moore's Federal Practice* ¶ 0.145[5], l.c. 1622 (2d ed. 1979); 15 Wright, Miller & Cooper, *Federal Practice And Procedure* § 3853, l.c. 277 (1976).

But because usually many records, or copies thereof, are easily transported, their location is not entitled to great weight. This is particularly true with the development of photocopying. *Ford Motor Co. v. Ryan* (C.A. 2 1950) 182 F.2d 329, l.c. 330–331, *cert. denied,* 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624 (1950); 15 Wright, Miller & Cooper, *Federal Practice And Procedure* § 3853, l.c. 277–278 (1976).

■ Further, as with witnesses (see "The Convenience of Witnesses," *supra,* contained in Part (2) of subsection III "C. 'The Convenience of Parties and Witnesses'"), general allegations that a transfer is needed because of the location of books and records are not enough. The moving papers must show the location, difficulty of transportation and importance of the books and records. *Colgate-Palmolive Company v. North American Chemical Corporation* (S.D.N.Y.1964) 238 F.Supp. 81, l.c. 85; *Ruskay v. Reed* (S.D.N.Y.1963) 225 F.Supp. 581, l.c. 582; 15 Wright, Miller & Cooper, *Federal Practice And Procedure* § 3853, l.c. 279 (1976). The plaintiff has failed to make this requisite showing.

■ It is concluded that the location of records and documents in this action does not sufficiently show that the United States District Court for the Eastern District of Virginia, at Alexandria, or the United States District Court for the District of Maryland, at Baltimore, is a more convenient forum than this Court.

*Conclusion*

■ Considering the foregoing factors jointly, and also separately, it is concluded that the plaintiff has failed to meet its burden of proof that the convenience of parties and witnesses and the interests of justice warrant transfer of this action from this district under § 1404(a). It is further concluded that, when convenience of nonresident counsel is also considered, the burden of proof is not met. And it is further concluded that the defendant has shown that this Court is an equally convenient forum for the parties and counsel and is the most convenient forum for the witnesses.

## ORDER

For reasons stated above, it is hereby

ORDERED that the "Motion for Transfer for Purposes of Trial" of the plaintiff American Standard, Inc. be, and it is hereby, denied.