NOTE: This order is nonprecedential.

 United States Court of Appeals for the Federal Circuit
 Miscellaneous Docket No. 909

 IN RE VTECH COMMUNICATIONS, INC.
 and VTECH TELECOMMUNICATIONS, LTD.,,

 Petitioners.

 On Petition for Writ of Mandamus to the United States District Court for the Eastern
 District of Texas in case no. 5:07-CV-00171, Chief Judge David Folsom.

 ON PETITION FOR WRIT OF MANDAMUS

Before MICHEL, Chief Judge, LINN and PROST, Circuit Judges.

LINN, Circuit Judge.

 ORDER

 VTech Communications et al. (VTech) petition for a writ of mandamus directing

the United States District Court for the Eastern District of Texas to vacate its orders

denying VTech’s motion to transfer venue, and to direct the court to transfer the case to

the United States District Court for the District of Oregon. Motorola, Inc. opposes.

VTech moves for leave to file a reply with reply attached. Motorola opposes.

 This petition stems from a patent infringement suit filed in the Eastern District of

Texas by Motorola, a telecommunications company based in Illinois, against VTech, a

company domestically headquartered in Oregon, having significant foreign operations in

Hong Kong, and operating a research and development entity out of British Columbia.

VTech moved the Texas court to transfer the case to the District Court for the District of

Oregon pursuant to 28 U.S.C. §1404(a), which authorizes a change of venue “for the

convenience of parties and witnesses, in the interest of justice.”
 Finding only the convenience of the witnesses factor to strongly favor transfer,

the district court held that VTech had not met its burden of demonstrating that the

Oregon district court was clearly more convenient. The trial court explained that

transfer would waste the time, energy, and money of the parties and the judicial system

because the court had become intimately familiar with the matter by completing claim

construction. The court also noted that although there were some sources of proof in

Oregon, there were sources of proof in Texas, Hong Kong, British Columbia and other

locations. The trial court also explained that despite more witnesses residing in Oregon

than Texas, the Oregon witnesses were party witnesses and could be compelled by

their employer to testify at trial. VTech filed this petition seeking a writ of mandamus to

vacate the trial court’s order and direct that the case be transferred to Oregon.

 The use of mandamus power to correct an erroneous denial of transfer has been

approved under Fifth Circuit law, which applies here. See, e.g., In re Genentech, Inc.,

566 F.3d 1338 (Fed. Cir. 2009); In re TS Tech USA Corp., 551 F.3d 1315 (Fed. Cir.

2008); In re Volkswagen of Am., Inc., 545 F.3d 304 (5th Cir. 2008) (en banc) (granting

mandamus and directing the district court to transfer to a clearly more convenient

forum). Without mandamus, defendants such as VTech may be left with the inadequate

remedy of waiting until final judgment to correct indisputable errors. TS Tech, 551 F.3d

at 1322. With that said, however, mandamus relief in § 1404(a) cases is solely

reserved for circumstances where the petitioner can demonstrate that the denial of

transfer was a “clear” abuse of discretion such that refusing transfer produced a

2009-M909
 -2-
“patently erroneous result.” Volkswagen, 545 F.3d at 310. * A suggestion that the

district court abused its discretion, which might warrant reversal on a direct appeal, is

not a sufficient showing for mandamus relief. Id. Unless it is clear that the facts and

circumstances are without any basis for a judgment of discretion, we will not proceed

further in a mandamus petition to examine the district court’s decision. Volkswagen,

545 F.3d at 317 n.7 (citing McGraw-Edison Co. v. Van Pelt, 350 F.2d 361, 363 (8th Cir.

1965)). In other words, we will deny a petition “[i]f the facts and circumstances are

rationally capable of providing reasons for what the district court has done.”

Volkswagen, 545 F.3d at 317 n.7; see also In re Cordis Corp., 769 F.2d 733, 737 (Fed.

Cir. 1985) (noting that “if a rational and substantial legal argument can be made in

support of the rule in question, the case is not appropriate for mandamus”).

 VTech takes issue with the trial court’s conclusion that transfer is improper

because of the trial court’s familiarity with the case and the completion of claim

construction. VTech contends that the familiarity is due solely to the trial court’s delay in

deciding the transfer motion, which VTech asserts is contrary to the Fifth Circuit’s ruling

in In re Horseshoe Entertainment, 337 F.3d 429 (5th Cir. 2003).

 *
 Under Fifth Circuit law, mandamus may issue only upon a showing that
the facts and circumstances underlying the district court’s application of the public and
private forum non conveniens factors1 are not rationally capable of providing reasons for
the district court’s decision, i.e., the district court reached a “patently erroneous” result
or committed a “clear” abuse of discretion. Volkswagen, 545 F.3d at 312. The “private”
interest factors include: (1) the relative ease of access to sources of proof; (2) the
availability of compulsory process to secure the attendance of witnesses; (3) the cost of
attendance for willing witnesses; and (4) all other practical problems that make a trial
easy, expeditious and inexpensive. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6
(1981). The “public” interest factors to be considered are: (1) the administrative
difficulties flowing from court congestion; (2) the local interest in having localized
interests decided at home; (3) the familiarity of the forum with the law that will govern
the case; and (4) the avoidance of unnecessary problems of conflicts of law or in the
application of foreign law. Volkswagen, 545 F.3d at 315.
2009-M909
 -3-
 VTech's contention that the district court's familiarity with the case is of its own

doing is to no avail. It was incumbent upon VTech to actively and promptly pursue its

motion to transfer venue before the district court invested considerable time and

attention on discovery and completing claim construction.

 Although there may have been some delay, we do not read Horseshoe as

precluding the district court from considering its investment and familiarity with the case

when determining the prudence of transfer. Horseshoe stands for the proposition that

vague generalities related to the possibility of delay caused by granting a transfer are

not proper considerations. Id. at 433-34. Contrastingly, the advanced stage of

discovery and the completion of claim construction are proper considerations that weigh

against transfer in the circumstances of this case.

 VTech also contends that this case is like Genentech, in which we rejected the

district court’s central proximity rationale and instead directed the court to transfer to a

venue that was far more convenient for a substantial amount of the witnesses and

sources of proof. In Genentech, however, there was absolutely no relevant connection

between the case and the Eastern District of Texas. In this case, on the other hand, the

district court explained that there was at least one identified non-party witness who was

a resident of the Eastern District of Texas. Although VTech challenges the likelihood of

this witness actually testifying, Motorola has not ruled out calling the witness at trial. In

Genentech, there were no witnesses in Texas. Therefore, we cannot say that the

district court clearly and indisputably erred in considering this fact together with the fact

that it had completed claim construction and reached an advanced stage of discovery.

The district court also explained that VTech’s San Antonio, Texas distribution facility

2009-M909
 -4-
may likely contain relevant documents regarding the marketing of the accused products

and that some witnesses are closer to Texas than Oregon. In light of the particular

circumstances, the amount of work that the district court has already done on the case,

and the presence of an identified witness in the Eastern District of Texas, the facts are

rationally capable of providing reasons for what the district court has done.

Volkswagen, 545 F.3d at 317, n.7. Thus, VTech has not met the difficult burden to

obtain mandamus relief, which would interfere with the approaching trial date.

 Accordingly,

 IT IS ORDERED THAT:

 (1) The petition is denied.

 (2) The motion for leave to file a reply is granted.

 FOR THE COURT

 January 6, 2010 /s/ Jan Horbaly
 Date Jan Horbaly
 Clerk

cc: Timothy J. Malloy, Esq.
 Jesse J. Jenner, Esq.
 Judge, USDC E.D. Tex.
 Clerk, USDC E.D. Tex.

s19

2009-M909
 -5-