NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  TCO AS,**
*Petitioner*

---

2021-158

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:20-cv-00622-ADA, Judge Alan D. Albright.

---

**ON PETITION**

---

Before TARANTO, HUGHES, and STOLL, *Circuit Judges.*

STOLL, *Circuit Judge.*

## O R D E R

NCS Multistage, Inc., a Canadian corporation, and NCS Multistage LLC, its Houston, Texas based subsidiary, sued TCO AS, a Norwegian company, for patent infringement in the United States District Court for the Western District of Texas.  TCO moved to transfer the case to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1404(a).  The district court denied the motion on May 28, 2021, finding that TCO had failed to show the transferee venue was clearly more

convenient.  TCO now seeks a writ of mandamus directing transfer.

A mandamus petitioner must establish, among other things, that its right to relief is "clear and indisputable." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 381 (2004) (citation and internal quotation marks omitted).  In transfer matters, that means the petitioner must show that the denial of transfer was such a "clear abuse of discretion" that refusing transfer would produce a "patently erroneous result." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (en banc).  This is a highly deferential standard, under which we must leave the district court's decision undisturbed unless it is clear "that the facts and circumstances are without any basis for a judgment of discretion." *Id.* at 312 n.7 (quoting *McGraw–Edison Co. v. Van Pelt*, 350 F.2d 361, 363 (8th Cir. 1965)).  We cannot say that such a clear abuse of discretion occurred here.

The district court found that judicial-economy considerations weighed against transfer here because of an earlier-filed, pending action in the Western District of Texas against another defendant involving the same patent claims.  It is true that "a clear abuse of discretion in balancing convenience against judicial economy under § 1404 is not outside the scope of correctible error on mandamus review."  *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010).  But here, we cannot say that TCO has a clear and indisputable right to relief, particularly in light of the fact that several potential witnesses are located outside of the proposed transferee venue, including some in the Western District of Texas, and the fact that the only party headquartered in the proposed transferee venue elected to litigate this case in the Western District of Texas.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

July 13, 2021            /s/ Peter R. Marksteiner
Date                    Peter R. Marksteiner
                        Clerk of Court

s25