NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE WYETH AND
WYETH PHARMACEUTICALS INC.,**
*Petitioners.*

---

Miscellaneous Docket No. 959

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in case no. 08-CV-0067, Judge T. John Ward.

---

## ON PETITION FOR WRIT OF MANDAMUS

---

Before LOURIE, MAYER, and DYK, *Circuit Judges.*

DYK, *Circuit Judge.*

## ORDER

The petitioners, Wyeth et al. (Wyeth), defendants in this patent infringement action, seek a writ of mandamus directing the United States District Court for the Eastern District of Texas to vacate its orders denying Wyeth's motions to transfer and to direct transfer to the United States District Court for the Northern District of California. The plaintiff in this infringement action, Novartis

Vaccines and Diagnostics, Inc. (Novartis) opposes. Wyeth replies. Novartis moves for leave to file a sur-reply.

This petition arises out of a patent infringement complaint originally filed in the Eastern District of Texas by Novartis on February 15, 2008. Novartis' original complaint asserted that Wyeth's products infringe Novartis' U.S. Patent Nos. 6,060,447 and 6,228,620.

Over the next 17 months, the case progressed under the supervision of the district court. Discovery was conducted, protective orders were issued, individual disclosures were turned over, infringement and invalidity contentions were exchanged and an extensive amount of documents were produced. In July of 2009, Novartis also added a claim in this case that Wyeth's products infringe U.S. Patent No. 7,135,505 (the '505 patent).

On August 3, 2009, Wyeth moved to transfer this case to the Northern District of California. Although as many as 13 potential witnesses had previously been identified as residents of the Northern District of California, Wyeth argued that transfer was warranted now because the addition of the '505 patent meant that eight additional potential witnesses were also residents of the Northern District of California.

The Magistrate Judge denied the motion to transfer. In doing so, the Magistrate Judge recognized that the convenience factors appeared to weigh in favor of transfer, but agreed with Novartis that Wyeth had failed to promptly seek transfer from the district court and that transferring the case now would be prejudicial and waste judicial economy. Wyeth sought reconsideration of the Magistrate's decision with the district court. On August 30, 2010, the district court determined that the Magistrate's denial of transfer was not clearly erroneous. Prior

to the district court's decision on transfer, Wyeth dropped its infringement claim regarding the '505 patent.

Applying Fifth Circuit law in cases arising from district courts in that circuit, this court has held that mandamus may be used to correct a patently erroneous denial of transfer. That standard, however, is an exacting one. *See, e.g., In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008); *In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc) (granting mandamus and directing the district court to transfer to a clearly more convenient forum).

We are not persuaded by Wyeth's attack on the district court's analysis. The Fifth Circuit as well as other circuits have emphasized that a party should not delay filing of a motion to transfer. *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989); *McGraw-Edison Co. v. Van Pelt*, 350 F.2d 361, 364 (8th Cir. 1965). Thus, in *Peteet*, the Fifth Circuit stated that "[p]arties seeking a change of venue should act with 'reasonable promptness.'" 868 F.2d at 1436. Without reasonable promptness on the part of the movant, a case proceeds, requiring the court to expend time and effort that might become wasted upon transfer.

Wyeth's arguments that such delay was excusable are similarly unpersuasive. As noted above, Wyeth was aware that several potential witnesses resided in Northern California, yet Wyeth did not promptly file a motion to transfer. In addition, the '505 infringement claim, the supposed basis for triggering the motion to transfer, was dropped against Wyeth. Meanwhile, as Wyeth delayed filing a motion to transfer, discovery was conducted, protective orders were issued, individual disclosures were turned over, infringement and invalidity contentions were

exchanged, and an extensive amount of documents were produced. In addition, Novartis contends that if this case were now transferred, it would be prejudiced in the delay of its case.

We also reject Wyeth's argument that the district court improperly balanced the factors or improperly gave weight to judicial economy. In *In re Vistaprint Ltd.*, __ F.3d __, 2010-M954 (Fed. Cir. Dec. 15, 2010), we rejected the argument that it is always improper for a district court to deny transfer based on judicial economy when all of the convenience factors favor transfer. Here, the district court determined that its familiarity with this case coupled with Wyeth's delay was deserving of more weight in its § 1404(a) analysis than the potential convenience of trying this case in the Northern District of California. Wyeth has not made a compelling showing why this result was so incorrect as to warrant the extraordinary relief of mandamus.

Accordingly,

IT IS ORDERED THAT:

(1) The petition for a writ of mandamus is denied.

(2) The motion for leave to file a sur-reply is granted.

FOR THE COURT

__DEC 2 0 2010__
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc: George A. Riley, Esq.
Bradford J. Badke, Esq.
Clerk, United States District Court for the Eastern District Of Texas

s19

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

DEC 2 0 2010

JAN HORBALY
CLERK