NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: LABORATORY CORPORATION OF AMERICA HOLDINGS,**
*Petitioner*

---

2022-127

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:20-cv-00969-ADA, Judge Alan D. Albright.

---

**ON PETITION**

---

Before DYK, REYNA, and CHEN, *Circuit Judges*.

DYK, *Circuit Judge*.

## O R D E R

Laboratory Corporation of America Holdings ("Lab-Corp") petitions for a writ of mandamus directing the United States District Court for the Western District of Texas to vacate its order denying LabCorp leave to file a motion to transfer under 28 U.S.C. § 1404(a). Ravgen, Inc. opposes. We deny LabCorp's petition.

## BACKGROUND

In October 2020, Ravgen filed related patent infringement suits in the Western District of Texas, Waco Division, against LabCorp, Quest Diagnostics Inc., PerkinElmer, Inc., and Natera, Inc. Pursuant to the district court's Standing Order issued in those cases, parties could file transfer motions without leave of court until eight weeks before a *Markman* hearing. Appx3. Thereafter, a transfer motion could only be filed with a "showing of good cause for any delay and leave of court." Resp. Appx838 (Amended Standing Order Regarding Motion for Inter-District Transfer (W.D. Tex. June 8, 2021)).

Unlike LabCorp, Quest timely moved for transfer under 28 U.S.C. § 1404(a) such that it did not have to seek leave of court. Quest's motion was denied in August 2021. In September 2021, Quest filed a petition for a writ of mandamus at this court challenging the denial of its transfer motion. By that time, the case against PerkinElmer had settled. On November 10, 2021, we granted Quest's petition, finding the court had clearly abused its discretion in denying Quest's motion, and directed transfer of Quest's case to the Central District of California. *In re Quest Diagnostics Inc.*, No. 2021-193, 2021 WL 5230757 (Fed. Cir. Nov. 10, 2021).

Two weeks after our decision in *Quest,* LabCorp moved the district court for leave to file a motion to transfer under section 1404(a) to the United States District Court for the Southern District of California. LabCorp noted that no co-pending case remained in the Waco Division now that the case against Quest had been transferred and the case against Natera had since also been transferred to the Austin Division. LabCorp further argued that in four decisions issued in November 2021, including *Quest*, this court "provided further guidance as to the weight and specificity of factors pertaining to motions to transfer pursuant to § 1404(a)." Appx93.

The district court denied LabCorp's motion. The court found that LabCorp had not timely sought transfer. The court also found that LabCorp had failed to show good cause for its failure to seek transfer earlier in the case. In reaching that conclusion, the court explained that LabCorp had failed to point to any material change in facts or law that justified its delay in seeking transfer. The court further found that granting LabCorp's request would prejudice Ravgen in further delaying trial and resolution of this litigation. This petition followed.

## DISCUSSION

Mandamus is "reserved for extraordinary situations." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citation omitted). Under the well-established standard for obtaining such relief, the petitioner must: (1) show that it has a clear and indisputable legal right; (2) show it does not have any other method of obtaining relief; and (3) convince the court that the "writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380-81 (2004) (citation omitted). We cannot say that LabCorp has met that standard.

LabCorp has not shown a clear and indisputable legal right to seek transfer in this case. To begin with, the district court plausibly concluded that LabCorp failed to seek transfer with "'reasonable promptness.'" Appx4 (quoting *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (internal quotation marks and citation omitted)). LabCorp waited nearly 13 months after service of the complaint and four months after the district court's deadline for filing such motions without leave of court to seek transfer. During that time, the court invested considerable resources conducting a *Markman* hearing, issuing its claim construction order, and presiding over discovery.

We also cannot say that LabCorp has shown that the district court clearly abused its discretion in denying leave to seek transfer so late in the proceeding. The court

4      IN RE: LABORATORY CORPORATION OF AMERICA HOLDINGS

pointed out that "[t]he witnesses and underlying facts at the time of the Complaint remain the same." Appx5. The district court further found that *Quest* and the other decisions of this court that LabCorp relied on to warrant allowing its belated transfer request merely applied existing law, and thus LabCorp could have made those same arguments in a timely motion, but failed to do so. We do not see any basis to disturb those findings on mandamus.

The district court also reasonably concluded that any argument in support of transfer based on later factual developments relevant to judicial economy considerations would have been mitigated by LabCorp's failure to timely seek transfer before the court held substantive proceedings in the case. *See In re Wyeth*, 406 F. App'x 475, 477 (Fed. Cir. 2010) ("Without reasonable promptness on the part of the movant, a case proceeds, requiring the court to expend time and effort that might become wasted upon transfer."). Under these circumstances, LabCorp's contention that it had established good cause for the delay in filing its motion to transfer venue is not sufficiently compelling to merit mandamus.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

May 12, 2022                    /s/ Peter R. Marksteiner
     Date                      Peter R. Marksteiner
                               Clerk of Court