ON PETITION
REYNA, Circuit Judge.
ORDER
Apple Inc. seeks a writ of mandamus ordering the United States District .Court for the Eastern District of Texas to transfer this case to the Northern District of California. Core Wireless Licensing S.a.r.l. opposes. Apple replies.
I
In February 2012, Core Wireless sued Apple for patent infringement in the East *1378 ern District of Texas. Core Wireless, a Luxembourg company having one employee, is a wholly-owned subsidiary of MO-SAID Tech, a Canadian corporation.[1] Core Wireless Licensing Ltd. (“Core Wireless USA”), also a Texas corporation, was created in September 2011 and is a wholly-owned subsidiary of Core Wireless. Core Wireless USA shares office space with MOSAID TX in Plano, Texas.[2]
Apple is a California corporation with a principal place of business in Cupertino, California. The accused products contain baseband processing chips which are at the heart of the patent dispute. Qual-comm Incorporated, based in San Diego, California, and Intel Corporation, based in Santa Clara,. California, supply the chips to Apple for inclusion in the accused devices.
Apple moved to transfer the case to the Northern District of California. The district court denied the motion, finding “that Apple ha[d] not met its burden of establishing that the Northern District of California is ‘clearly more convenient’ ” than the Eastern District of Texas. Core Wireless Licensing, S.A.R.L. v. Apple, Inc., No. 6:12-CV-100, slip op at 5 (E.D.Tex. Feb. 22, 2013) (“Transfer Order”). The court emphasized the lack of specificity in Apple’s assertions as to why the transfer factors favored the Northern District of California. Apple subsequently filed a motion to supplement the record. The district court denied the motion, noting that “[t]here is no indication that all of this relevant information was not accessible at the time Apple had filed its transfer motion.” Core Wireless Licensing, S.A.R.L. v. Apple, Inc., No. 6:12-CV100, slip op at 1 (E.D.Tex. May 17, 2013) (“Supplement the Record Order”). Apple then filed a motion for reconsideration, which was denied. Core Wireless Licensing, S.A.R.L. v. Apple, Inc., No. 6:12-CV-100, slip op at 1 (E.D.Tex. May 21, 2013) (“Reconsideration Order ”).
Apple now petitions for a writ of mandamus instructing the district court to vacate its Transfer Order, Supplement the Record Order, and Reconsideration Ord'er and to transfer the case to the Northern District of California.
II
The question before the court on mandamus is whether there was such a “ ‘clear’ abuse of discretion” that refusing transfer would produce a “patently erroneous result.” In re TS Tech USA Corp., 551 F.3d 1315, 1319 (Fed.Cir.2008) (quoting , In re Volkswagen of Am., Inc., 545 F.3d 304, 310 (5th Cir.2008) (en banc)). We will only disturb the district court’s decision if it is clear “that the facts and circumstances are without any basis for a judgment of discretion.” Volkswagen, 545 F.3d at 317 n. 7 (quoting McGraw-Edison Co. v. Van Pelt, 350 F.2d 361, 363 (8th Cir.1965)).
The district court examined the private and public interest factors but was stymied in its analysis by Apple’s lack of evidence. Specifically, the court noted that it was unable to evaluate the convenience of witnesses in its transfer analysis because of Apple’s failure to identify willing witnesses who would need to travel to the Eastern District of Texas or any third party wit *1379 nesses not subject to the compulsory process of that court. Similarly, in light of “Apple’s vague assertions and unknown relevance and location of potential sources,” the district court was unable to weigh the relative ease of access to sources of proof factor in its transfer analysis, because “the weighing of this factor would be merely speculative.”
As to the remaining factors, the district court determined that the local interest factor weighed “slightly” in favor of transfer and the remaining public interest factors were neutral. The court concluded, however, that the “local interest of the Northern District of California is not enough to establish it is a clearly more convenient forum on its own.” Id.
Nothing suggests the district court conducted an improper transfer analysis. The district court simply determined that the evidence before the court was so general in nature that the court was unable to evaluate its relevance in the transfer analysis. Based on the sparse, and general; record before the district court,[3] we cannot say “that the facts and circumstances are without any basis for a judgment of discretion.” Volkswagen, 545 F.3d at 317 n. 7. Accordingly, we will not overturn the court’s conclusion that Apple failed to submit sufficient evidence to suggest that transfer was appropriate.
Finally, Apple asserts that the district court erred by failing to permit Apple to supplement the record following the court’s denial of Apple’s transfer motion. The district court noted that there was no indication that Apple could not have submitted this information with its motion to transfer. The district court did not abuse its discretion in denying Apple’s motion to supplement the record.
Accordingly,
It Is ORDERED That:
The petition for a writ of mandamus is denied.

. In 2009, MOSAID Tech hired its first Texas-based employee.

. MOSAID TX is a Texas company formed in February 2011 and located in Plano, Texas— it is a wholly-owned subsidiary of MOSAID Tech.

. The dissent analogizes the facts of In re Genentech, 566 F.3d 1338 (Fed.Cir.2009). In that case, however, the petitioner identified at least ten specific witnesses in the transferee forum, two of which were attorneys responsible for the prosecution of the patents-in-suit, and at least four additional witnesses with relevant knowledge that were located outside of the original venue but within the transferee venue. See id. at 1343. We decline to find that the district court was "patently erroneous” based only on inferences drawn from the number of employees at Apple's headquarters, which only reflects the parties’ relative size and not necessarily the location of potential witnesses — particularly as Apple has not shown that it did not have more granular facts at its disposal to support its original motion.