NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  OVERHEAD DOOR CORPORATION, GMI HOLDINGS, INC.,**
*Petitioners*

---

2022-100

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 2:21-cv-00084-JRG, Chief Judge J. Rodney Gilstrap.

---

**ON PETITION**

---

Before DYK, REYNA, and CHEN, *Circuit Judges.*

PER CURIAM.

#  O R D E R

Overhead Door Corporation and GMI Holdings, Inc. (collectively, "OHD") petition for a writ of mandamus directing the United States District Court for the Eastern District of Texas to transfer this patent infringement case to the United States District Court for the Northern District of Texas.  The Chamberlain Group LLC opposes.  Because the district court did not clearly abuse its discretion in denying transfer, we deny the petition.

BACKGROUND

Overhead, and its subsidiary, GMI, are in the business of manufacturing and selling garage and other barrier door opening devices. Overhead maintains its principal place of business within the Eastern District of Texas in Lewisville, Texas. GMI maintains its headquarters in Ohio, but also has an engineering and testing center within the Northern District of Texas in Dallas, Texas.

On March 10, 2021, Chamberlain brought this suit in the Eastern District of Texas, accusing several of OHD's barrier opener products of infringing four Chamberlain patents related to movable barrier systems. The next day, Chamberlain filed a second complaint against OHD in the Northern District of Texas, asserting infringement of the same patents against the same accused products.

OHD moved to transfer the Eastern Texas action pursuant to 28 U.S.C. § 1404(a) to Northern Texas. OHD argued that "[a]ll of the Accused Products were designed, tested, and built by Defendant [GMI], not by Defendant Overhead," and that "the engineers and individuals who worked on the Accused Products and other likely witnesses all live within 30–60 minutes of downtown Dallas." Mot. at 5–6, *Chamberlain Grp., LLC v. Overhead Door Corp.*, 2:21-cv-84 (E.D. Tex. May 4, 2021), ECF No. 21.

OHD also argued that transfer would promote "consistency and judicial efficiency." *Id.* at 11. In support of that argument, OHD pointed to the second-filed Northern Texas action brought by Chamberlain as well as OHD's own pending action against Chamberlain arising out of litigation brought by Chamberlain in the International Trade Commission. *Overhead Door Corp. & GMI Holdings, Inc. v. Chamberlain Grp., Inc.*, No. 3:20-cv-1779 (the "-1779 action"). The -1779 action involves OHD's infringement allegations against Chamberlain products that are the subject of OHD's counterclaims in the Northern Texas action but are not at issue in the instant litigation.

In its opposition, Chamberlain pointed out that OHD had failed to identify any individuals by title or name who reside in Northern Texas.  It also argued that potential witnesses relevant to OHD's license defense would likely come from Lewisville, in the Eastern District of Texas.  Chamberlain further argued that transfer would not result in significant judicial economy benefits.  In that regard, Chamberlain noted that it "intend[s] to dismiss th[e] Northern District action now that Defendants have answered the Eastern District complaint," Opp'n to Mot. to Transfer at 13, *Chamberlain Grp., LLC v. Overhead Door Corp.*, 2:21-cv-84 (E.D. Tex. May 18, 2021), ECF No. 29, and further noted that the -1779 action has been stayed pending the outcome of the ITC litigation.

On September 10, 2021, the district court denied OHD's motion.  The district court concluded that the court congestion factor weighed against transfer and that the remaining factors were neutral.  In particular, the court found that OHD had failed to specifically identify any non-party witnesses who may testify at trial; OHD failed to provide sufficient information to determine whether the transferee venue was more convenient for willing witnesses; and that there was not a substantial risk of duplicative litigation because OHD had moved to dismiss the second-filed Northern Texas action and because it was uncertain when the -1779 action would again resume.  On balance, the district court determined that OHD had failed to establish that the transferee venue was clearly more convenient for the litigation, and therefore denied the motion.

## DISCUSSION

The standard for mandamus relief is demanding.  A petitioner must establish, among other things, that it has a clear and indisputable legal right to relief.  *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 381 (2004) (citation omitted).  Under applicable Fifth Circuit law, on mandamus, we review only for "clear abuses of discretion that produce

patently erroneous results." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (en banc). We cannot say that OHD has met this standard.

The district court found that OHD had failed to demonstrate that the Northern District of Texas was more convenient for potential willing witnesses. We see no clear error in the district court's determination. Chamberlain's chosen forum, located in the district where one of the defendants is headquartered, appears to be convenient for at least some potential witnesses. We have also held that a district court acts reasonably when it refuses to weigh the willing witness factor in favor of transfer if unable to determine from the movant's presentation of the factor that there are more potential witnesses in the transferee venue than the plaintiff's chosen forum. *See In re Apple Inc.*, 743 F.3d 1377, 1378 (Fed. Cir. 2014). Here, the district court concluded that OHD had failed to provide sufficient evidence to make that determination. And we are not prepared on mandamus to disturb that finding.

The district court also reasonably determined that the Northern District of Texas did not have a comparative advantage with regard to compelling unwilling witnesses. OHD failed to identify any specific third-party potential witnesses in its motion that may need to be compelled. Moreover, a district court in the Eastern District of Texas can subpoena a person to attend a trial, hearing, or disposition within the state of Texas where the person resides, is employed, or regularly transacts business in person, if the person is commanded to attend a trial and would not incur a substantial expense. *See* Fed. R. Civ. P. 45(c)(1)(B)(ii). Because the denial of OHD's motion to transfer here would not result in a substantial burden on witnesses required to travel from Dallas to Marshall, Texas, OHD has not shown that the compulsory-process factor clearly weighs in favor of transfer.

OHD has also not made a compelling showing on the other factors. OHD contends that the district court erred in not weighing the local interest factor in favor of transfer because the accused products were designed and tested in Dallas, Texas and none of the underlying events giving rise to this infringement action occurred in the Eastern District of Texas. But OHD failed to raise any specific argument that the local interest factor favored transfer in its motion, and a district court does not err, let alone, clearly so, by not accepting an argument it was not properly asked to consider. We also cannot say that OHD has shown that judicial economy would be clearly served by transferring the case here. The district court plausibly found that OHD had not shown a significant risk of duplicative suits between the parties because Chamberlain moved to dismiss or transfer the Northern Texas action and because the -1779 action involved different patents and it was uncertain as to when the stay of that litigation would be lifted.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

December 07, 2021          /s/ Peter R. Marksteiner
       Date                Peter R. Marksteiner
                           Clerk of Court

s35