NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

In re:  **META PLATFORMS, INC., fka Facebook, Inc.,**
*Petitioner*

2023-143

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 1:23-cv-00623-ADA, Judge Alan D. Albright.

## ON PETITION

Before LOURIE, MAYER, and STARK, *Circuit Judges.*

STARK, *Circuit Judge.*

## O R D E R

The United States District Court for the Western District of Texas ("WDTX") denied the motion of Meta Platforms, Inc. ("Meta") to transfer to the United States District Court for the Northern District of California ("NDCA") while also granting alternative relief requested by Meta, transferring the case within the District from Waco to Austin, Texas.  Meta now petitions for a writ of mandamus that would direct transfer to the NDCA.

Immersion Corporation ("Immersion") opposes the petition. We deny the petition.

Immersion brought this suit in the Waco Division of the WDTX alleging Meta's products, including Quest 2 and Quest Pro, infringe six of Immersion's patents. Meta moved to transfer the case pursuant to 28 U.S.C. § 1404(a) to the NDCA or, alternatively, to the WDTX's Austin Division. The district court granted the motion in part, agreeing to transfer to Austin but concluding that Meta had failed to show that the NDCA was clearly more convenient. Among other things, the court found that: on balance the WDTX would be more convenient for potential witnesses; while Meta was headquartered in the NDCA, it also had significant relevant operations in Austin; sources of proof were likely located in both the NDCA and the WDTX; while more non-party potential witnesses were identified in the NDCA, only one individual (not in the NDCA) appeared unwilling to testify; and the WDTX is likely to be faster in adjudicating the matter.

To obtain mandamus, Meta must establish, among other things, that its right to relief is "clear and indisputable." *Cheney v. U.S. Dist. Ct. for D.C.,* 542 U.S. 367, 381 (2004) (citation omitted). In the § 1404(a) transfer context, which we assess under regional circuit law, Meta must show a "clear abuse of discretion" that produced a "patently erroneous result." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (en banc). This is a highly deferential standard, under which we will not disturb the district court's transfer decision unless it is clear "that the facts and circumstances are without any basis for a judgment of discretion." *Id.* at 312 n.7 (citation omitted). Having carefully considered Meta's petition here, we cannot say that it has satisfied this demanding standard.

The district court plausibly concluded that Meta failed to establish that the willing witness factor favored transfer. Meta's transfer motion broadly asserted that relevant

Meta employees are located in California and Washington state, and the majority of its teams are located on the West Coast. The district court evaluated details relating to 15 named Meta employees (along with two additional Immersion employees) in Northern California and Seattle and weighed the existence of this group of potential witnesses in favor of transfer but, nonetheless, plausibly found that Meta was not sufficiently clear about what relevant and material information the various other team members possessed. *See In re Apple Inc.*, 743 F.3d 1377, 1378–79 (Fed. Cir. 2014) (denying mandamus relating to transfer when movant's lack of supporting evidence "stymied" analysis).

The court also plausibly weighed the convenience of the NDCA for the group of witnesses just described against the 22 potential witnesses who would find the WDTX more convenient, a group including several Meta employees in Austin with relevant knowledge of product design, operations, finances, and marketing. Meta criticizes the court for relying on Meta employees in the WDTX who purportedly do not have relevant and material information, but Meta's petition only directly addresses one such employee on which the district court relied. Given the lack of a persuasive showing in its papers on such a case-specific, fact-intensive matter principally entrusted to the district court, *see In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010), Meta's argument contributes almost nothing to its effort to show a clear abuse of discretion here.

Nor do we see any clear abuse of discretion in the district court's analysis that would warrant disturbing its denial of transfer. The district court plausibly concluded that the sources of proof and compulsory process factors did not substantially affect the ultimate transfer decision based on the particular circumstances of this case. *See In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630–31 (5th Cir. 2022).

Lastly, we agree with Meta that the district court clearly erred in finding that the court congestion factor weighed slightly against transfer. As we recently held in *In re Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023), this factor should not weigh against transfer when the patentee "is not engaged in product competition in the marketplace and is not threatened in the market in a way that, in other patent cases, might add urgency to case resolution." Citing *Google*, the district court found that these conditions are satisfied, seemingly because Immersion has been operating since 1993, has developed and licensed products which are used worldwide, and its workforce has shrunk from a peak of 184 employees to just 21. Appx. 30–31. Immersion never argued that these facts, or any others, established that Immersion competes with Meta in the market for the accused technology; nor did it even contend there is any urgency to the timing by which this litigation is resolved. There is no record evidence for the district court's findings that Immersion "is/was engaged in product competition in the marketplace" against Meta or that the shrinkage in its workforce is "evidence of the urgency to case resolution . . . giv[ing] some significance to the time-to-trial difference" between districts. Appx. 30–31 (internal quotation marks omitted).[*] Accordingly, the court congestion factor should have been treated as neutral. In the context in which we confront this error, however, we conclude it is harmless, as we cannot

---

[*] Immersion submitted a Supplemental Appendix, containing documents not cited to the district court for these points, and directs us to other hints in the record to try to show that the district court had a basis for its findings on product competition and urgency to case resolution. *See* Response to Petition at 28–30. Even assuming these materials are properly considered in this procedural posture, they do not support the district court's clearly erroneous *sua sponte* findings, as Meta persuasively explains. *See* Reply in Support of Petition at 5–6.

say it would be a clear abuse of discretion to deny transfer to the NDCA even changing this one factor from weighing against transfer to being neutral.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

October 30, 2023
Date

Jarrett B. Perlow
Clerk of Court